[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 02, 2011
JOHN LEY
CLERK

No. 11-10629
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cr-00069-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL WAYNE ZEIDERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 2, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Zeiders appeals the life term of supervised release imposed after he pled

guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a).

Zeiders argues that because the district court erroneously stated at the plea hearing that he would be subject to a term of only three years of supervised release, this Court should vacate his sentence and remand with directions to reduce his term of supervised release to three years.  Zeiders also argues that his sentence was procedurally unreasonable, because the judge failed to explain the sentence, and substantively unreasonable, because it is greater than necessary to achieve the sentencing purposes articulated in 18 U.S.C. § 3553(a).[1]

There is no dispute that the district court erred in stating during Zeiders' plea hearing that Zeiders faced only a three year term of supervised release.  However, because Zeiders did not object to this error in the district court, we review for plain error.  United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009), cert. denied 130 S. Ct. 2403 (2010).  "This requires [Zeiders] to show a clear error that prejudiced him by affecting his substantial rights."  Id.  To satisfy this burden, Zeiders must show "'a reasonable probability that, but for the error, he would not have entered the plea.'"  Id. at 1347 (quoting United States v. Dominquez Benitez, 542 U.S. 74, 83 (2004)).  Zeiders has proffered no evidence indicating that his plea would have been different if not for the district court's

---

[1]  When reviewing the reasonableness of a sentence, we apply an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 56 (2007).

error, and thus we find no reversible error based on the district court's misstatement of the maximum term of supervised release.

Nor can we say, on this record, that the sentence imposed by the district court was procedurally unreasonable.[2] During the sentencing hearing the district court requested arguments from each side and, after listening to those arguments, explicitly stated that it had considered the § 3553(a) factors and sentencing guidelines, and had "tailored the sentence to take into account the facts and circumstances surrounding this particular case." The district court was not required to individually discuss each factor. United States v. Flores, 572 F.3d 1254, 1271 (11th Cir. 2009) (holding that a district court is not required to discuss each § 3553(a) and only needs to have set forth enough to show that it has considered the parties' arguments and have a reasoned basis for the sentence imposed).

Finally, Zeiders argues that a life term of supervised release is a substantively unreasonable sentence because it is greater than necessary to achieve

---

[2] The district court commits a procedural error if it improperly calculates the guidelines range, treats the Guidelines as mandatory, fails to consider the relevant § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain the given sentence. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

3

the purposes of sentencing articulated in 18 U.S.C. § 3553(a).[3] In support of this argument, Zeiders points to two cases in which the defendants were sentenced to equivalent or lesser terms of supervised release and argues that his crime, in comparison to the more serious crimes committed by those defendants, does not warrant the same or a harsher sentence. See United States v. McBride, 511 F.3d 1293 (11th Cir. 2007); United States v. Irey, 612 F.3d 1160 (11th Cir. 2010). However, that we may believe a different sentence might have been more appropriate is an insufficient reason to reverse the sentence imposed by the district court. See United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010), cert. denied, 131 S.Ct. 1604 (2011). The guidelines range for term of supervised release for a sex offense is five years to life. U.S.S.G. § 5D1.2(a)-(c). Here, the district court considered the § 3553(a) factors and imposed a sentence within this range. See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (holding that we expect a within-guidelines range sentence to be reasonable). Zeiders has offered no evidence to suggest that the district court improperly weighed the § 3553(a) factors. Nor has he explained why, in light of the facts of this particular case, the sentence imposed is greater than necessary to achieve the sentencing

---

[3] A sentence is substantively unreasonable if it fails to carry out the purposes of sentencing. United States v. Dean, 635 F.3d 1200, 1209 (11th Cir. 2011).

purposes.  Accordingly, we cannot say the district court abused its discretion in sentencing Zeiders to a life term of supervised release.

**AFFIRMED.**