**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4909**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEITH LEE BURNS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:09-cr-00016-jct-1)

Argued: December 8, 2010        Decided: March 21, 2011

Before TRAXLER, Chief Judge, WYNN, Circuit Judge, and David A. FABER, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished opinion. Judge Wynn wrote the opinion, in which Chief Judge Traxler and Senior Judge Faber joined except as to Part III. Chief Judge Traxler wrote a separate concurring opinion, in which Senior Judge Faber joined.

**ARGUED:** Christine Madeleine Lee, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Adam Benjamin Spencer, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Larry W. Shelton, Federal Public Defender, Allegra M. C. Black, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke,

Virginia, for Appellant.    Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Defendant Keith Lee Burns was convicted of traveling interstate and knowingly failing to update his sex offender registration as required by the Sex Offender Registration and Notification Act ("SORNA"). 18 U.S.C. § 2250(a) (2006) ("failure-to-register statute"); 42 U.S.C. §§ 16913 (2006). On appeal, Burns challenges his conviction on constitutional delegation, ex post facto, and venue grounds. After careful review, we reject each challenge and affirm Burns's conviction.

I.

On January 9, 2004, Burns was convicted in a Virginia state court of possession of obscene material. Following that conviction, Burns registered as a sex offender in Virginia on January 23, 2004.

Burns later became subject to SORNA's registration requirements, which were enacted on July 27, 2006. Sex Offender Registration & Notification Act, Pub. L. No. 109-248, 120 Stat. 590 (2006). SORNA imposed on convicted sex offenders duties to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Sex offenders convicted after SORNA's enactment are required to register "before completing a sentence of

3

imprisonment with respect to the offense giving rise to the registration requirement," or within three business days of sentencing if the offender did not receive a prison term. Id. § 16913(b).

Regarding sex offenders convicted prior to SORNA's enactment, Congress delegated to the Attorney General the authority to determine whether SORNA's registration requirements would apply to them. Id. § 16913(d) ("The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders . . . ."). Pursuant to that authority, the Attorney General published a rule on October 28, 2007 announcing that the "requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3 (2007).

In February 2008, Burns, who was convicted prior to SORNA's enactment, moved from Virginia to California, where he was arrested on July 2, 2008. In April 2009, Burns was indicted in the District Court for the Western District of Virginia for failure to register. Burns pled guilty but reserved his right to appeal the conviction.

4

On appeal, Burns first argues that his conviction is invalid because Congress unconstitutionally delegated to the Executive Branch the authority to apply SORNA retroactively to pre-enactment sex offenders. Burns contends that the decision to apply SORNA retroactively is a nondelegable legislative function. We review this constitutional question de novo. S.C. Med. Ass'n v. Thompson, 327 F.3d 346, 349-50 (4th Cir. 2003); see also United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009) ("We review de novo a properly preserved constitutional claim.").

Congress may, and routinely does, delegate authority to the Executive Branch to implement legislative policy. "So long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power.'" Mistretta v. United States, 488 U.S. 361, 372 (1989) (quoting J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928)). Even a general legislative directive is a constitutionally sufficient, intelligible principle "'if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this

5

delegated authority.'" Id. at 372-73 (quoting Am. Power & Light Co. v. SEC, 329 U.S. 90, 105 (1946)).

Regarding SORNA, we readily conclude that Congress provided an intelligible principle to guide the Attorney General in exercising his delegated authority. Congress stated that SORNA's purpose is "to protect the public from sex offenders and offenders against children" through "a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. With the failure-to-register statute, Congress criminalized a sex offender's failure to comply with SORNA's registration requirements, defining and specifically setting out the elements of that offense. 18 U.S.C. § 2250(a). As this Court has previously stated, Congress delegated to the Attorney General "the authority both to 'specify the applicability' of SORNA with regard to pre-SORNA offenders and to prescribe registration rules for all pre-SORNA offenders and for other sex offenders who are unable to comply with the initial registration requirements." United States v. Hatcher, 560 F.3d 222, 227 (4th Cir. 2009) (quoting 42 U.S.C. § 16913(d)).

That authority, however, was substantially bounded by the policies and requirements set forth in SORNA, as well as the elements spelled out in the failure-to-register statute. See, e.g., United States v. Guzman, 591 F.3d 83, 93 (2d Cir. 2010) (concluding that the Attorney General's delegated authority is

6

"highly circumscribed" because SORNA "includes specific provisions delineating what crimes require registration; where, when, and how an offender must register; what information is required of registrants; and the elements and penalties for the federal crime of failure to register" (citations omitted)); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009) (stating that SORNA's statement of purpose in 42 U.S.C. § 16901 is a guiding intelligible principle); United States v. Ambert, 561 F.3d 1202, 1213-14 (11th Cir. 2009) (describing SORNA's broad policy goals as guiding intelligible principles). In other words, Congress did not give the Attorney General unbridled discretion to impose different registration requirements or to create a new criminal offense to be applied to pre-enactment sex offenders. Guzman, 591 F.3d at 93; Hatcher, 560 F.3d at 227. Instead, Congress delineated the "general policy" and set forth discernible boundaries within which the Attorney General could exercise delegated authority. Mistretta, 488 U.S. at 372-73. Therefore, Congress provided an intelligible principle, and we reject Burns's delegation argument.

III.

Next, Burns argues that his failure-to-register conviction violates the Ex Post Facto Clause because his conviction for the

7

underlying sex offense occurred long before SORNA and the failure-to-register statute were enacted. We review this question of law de novo. Plyler v. Moore, 129 F.3d 728, 734 (4th Cir. 1997).

Burns is correct that the "Ex Post Facto Clause prohibits punishment of a defendant 'for an act which was not punishable at the time it was committed.'" United States v. Gould, 568 F.3d 459, 466 (4th Cir. 2009) (quoting Weaver v. Graham, 450 U.S. 24, 28 (1981)). However, Burns overlooks the fact that his failure-to-register conviction stems from post-enactment conduct. He was convicted for moving from Virginia to California and failing to register in that state in July 2008, well *after* SORNA and the failure-to-register statute were enacted and the Attorney General announced that they applied to pre-enactment sex offenders.

Indeed, we rejected the same ex post facto argument in Gould, explaining as follows:

> Gould was punished for *failing to register* during the period *after* SORNA was enacted, beginning at least as early as February 28, 2007, when the Attorney General issued his Interim Regulations clarifying that SORNA applied to pre-SORNA sex offenders. Because Gould was punished for his *conduct after enactment* of the SORNA provision criminalizing the conduct, his punishment does not violate the Ex Post Facto Clause.

Id.; see also United States v. Shenandoah, 595 F.3d 151, 158-59 (3d Cir. 2010). We reject Burns's argument that his failure-to-

8

register conviction is an ex post facto punishment for the same

reasons.[*]

IV.

Finally, Burns argues that the Western District of Virginia

was the improper venue for his prosecution because the offense

---

[*] By citing to <u>Smith v. Doe</u>, 538 U.S. 84 (2003), in his Opening and Reply Briefs, Burns arguably seeks to present the issue of whether the registration requirements of SORNA constitute an ex post facto punishment for his 2004 sex offense conviction. However, that argument is not adequately presented in his briefs by relevant analysis and citation. Additionally, the Government has not briefed that issue before this Court. Accordingly, an ex post facto challenge to SORNA's registration requirements is not properly before this Court. <u>11126 Balt. Blvd., Inc. v. Prince George's Cnty., Md.</u>, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc).

But even if it is presented, the "majority concurring" opinion hardly answers it. The Eighth Circuit in <u>United States v. May</u>, 535 F.3d 912 (8th Cir. 2008), after initially holding that "SORNA's registration requirement" is nonpunitive because "Congress described SORNA as a public safety measure," <u>id.</u> at 920 (citing 42 U.S.C. § 16901), purported to inquire whether "the statutory scheme is so punitive [in effect] that it negates Congress's intention to deem the act civil." <u>Id.</u> But the court actually resolved the issue on the basis that 18 U.S.C. § 2250 (the failure-to-register statute) "does not punish an individual for previously being convicted of a sex crime." <u>Id.</u> That is the same issue resolved by this Court in this opinion, and by another panel of this Court in <u>Gould</u>. Like the Eighth Circuit in <u>May</u>, the "majority concurring" opinion does not scrutinize SORNA's registration requirements under the factors required by <u>Smith</u> to determine whether SORNA's registration requirements are so punitive in effect as to override the Act's statement of regulatory intent. In short, neither <u>May</u> nor the "majority concurring" opinion resolves an ex post facto challenge to SORNA's registration requirements.

9

occurred in California, where SORNA required him to register. The proper venue is a question of law, which we review de novo. United States v. Wilson, 262 F.3d 305, 320 (4th Cir. 2001).

Criminal defendants have a constitutional right to be tried "by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI; see also Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). However, Burns's violation of 18 U.S.C. § 2250(a) necessarily involved more than one district because he traveled interstate from Virginia to California, where he failed to register. In this situation, venue is governed by 18 U.S.C. § 3237(a), which states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

Burns's offense began in Virginia because his move from that state gave rise to his duty to register in California, where Burns's offense was completed when he failed to register. 42 U.S.C. § 16913(c). Because Burns's offense began when he moved from Virginia, thereafter failing to register in California, venue was proper in the Western District of Virginia. See, e.g., United States v. Howell, 552 F.3d 709,

10

717-18 (8th Cir. 2009) (holding that venue for a failure-to-register prosecution was proper in the Northern District of Iowa, from which the defendant moved to Texas where he failed to register).  Accordingly, we reject this argument.

V.

Because none of Burns's arguments has merit, we affirm his conviction for failing to register under 18 U.S.C. § 2250(a).

AFFIRMED

11

TRAXLER, Chief Judge, concurring:

I concur in Parts I, II, IV, and V of Judge Wynn's opinion and in the result reached in Part III. However, because my understanding of the ex post facto argument Burns raises and my analysis of Burns's argument differ from that of my colleague, I write separately regarding that issue.

I understand Burns's argument to be that we

> should find that because the FFR statute, applied to persons like Mr. Burns whose conviction of a sex offense long predated the FFR's implementation, creates new penalties not known or contemplated at the time the appellant committed his offense, enforcement of the FFR statute against him violates the ex post facto clause of the United States Constitution.

Appellant's brief at 14. For the reasons explained in United States v. May, 535 F.3d 912, 919-20 (8th Cir. 2008), I disagree with Burns.

12