**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5099**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

FRANK COSTA ROGERS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:09-cr-00227-TLW-1)

Argued:  January 27, 2012            Decided:  March 6, 2012

Before GREGORY, DAVIS, and DIAZ, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

**ARGUED:** Michael A. Meetze, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Florence, South Carolina, for Appellant.  Susan Zalkin
Hitt, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina, for Appellee.  **ON BRIEF:** William N. Nettles, United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Costa Rogers appeals his conviction and twenty-one month sentence on one count of traveling in interstate commerce while failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). He argues that certain provisions of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et seq., are unconstitutional, and that the district court abused its discretion when it imposed certain conditions of supervised release. We reject his constitutional challenge to SORNA but we find merit, in part, in his challenge to the imposition of two conditions of supervised release. Accordingly, we affirm in part and vacate and remand in part.

I.

Rogers first contends that the district court erred in denying his motion to dismiss the indictment. He raises challenges to the application of SORNA based on the Ex Post Facto Clause, the Commerce Clause, due process, the non-delegation doctrine, and the Administrative Procedure Act ("APA"), specifically 5 U.S.C. § 553. We review the denial of a motion to dismiss the indictment where the denial depends solely on questions of law de novo. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009).

2

We note, as Rogers concedes, that we have, in published authority, rejected virtually identical Ex Post Facto, Commerce Clause, due process, and APA challenges to SORNA. See United States v. Gould, 568 F.3d 459 (4th Cir. 2009), cert. denied, 130 S. Ct. 1686 (2010). "[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (internal quotation marks omitted). Accordingly, we conclude that Rogers's Ex Post Facto, Commerce Clause, due process, and APA challenges to SORNA lack merit.

We briefly consider Rogers's remaining challenge, that in enacting SORNA, Congress violated the non-delegation doctrine by impermissibly delegating legislative functions to the Attorney General, namely, the discretion to determine whether SORNA's registration requirements would apply to sex offenders convicted prior to SORNA's enactment. Gould did not address this issue, although this court has, in two non-precedential decisions, concluded that Congress did not impermissibly delegate legislative authority to the Executive Branch. See United States v. Stewart, Nos. 11-4420 & 11-4471, 2012 WL 130746, at *1 (4th Cir. Jan. 18, 2012) (unpublished); United States v. Burns, 418 F. App'x 209, 211-12 (4th Cir. 2011) (unpublished).

3

"We review de novo a properly preserved constitutional claim." United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009). The non-delegation doctrine "is based on the principle of preserving the separation of powers between the coordinate branches of government." United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009). While Congress may delegate some functions to the Executive Branch, the Supreme Court has held that where Congress has delineated an "intelligible principle" guiding the exercise of that authority, the non-delegation doctrine is not offended. See J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928). Even a general legislative directive is a constitutionally sufficient intelligible principle "if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Mistretta v. United States, 488 U.S. 361, 372–73 (1989) (internal quotation marks omitted).

Rogers argues that there is no "intelligible principle" to guide the Attorney General in the exercise of his discretion to promulgate rules or otherwise to administer the application of SORNA. This claim is without merit. We are satisfied that the persuasive reasoning of the panels in Burns and Stewart, although those decisions are not controlling, fully disposes of the claim here. We agree with the views of the panels in Burns and Stewart, noting Congress's statement that SORNA's purpose is

4

"'to protect the public from sex offenders and offenders against children' through 'a comprehensive national system for the registration of those sex offenders.'" Burns, 418 F. App'x at 211 (quoting 42 U.S.C. § 16901). The Attorney General's exercise of discretion is adequately cabined by this clear statement of purpose. Accord United States v. Guzman, 591 F.3d 83, 93 (2d Cir.) (concluding that the Attorney General's delegated authority is "highly circumscribed" because SORNA "includes specific provisions delineating what crimes require registration; where, when, and how an offender must register; what information is required of registrants; and the elements and penalties for the federal crime of failure to register") (citations omitted), cert. denied, 130 S. Ct. 3487 (2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009) (same); Ambert, 561 F.3d at 1213–14 (same); cf. Reynolds v. United States, No. 10-6549, 2012 WL 171120, --- S. Ct. --- (U.S. Jan. 23, 2012) (assuming validity of Attorney General's promulgation of rules under SORNA).

## II.

Next, Rogers claims that the district court abused its discretion when it imposed the following improper conditions of supervised release: ordering him to submit to substance abuse, mental health, and sex offender treatment programs (the latter

5

coupled with random polygraph examinations). "District courts have broad latitude to impose conditions on supervised release, and so we review such conditions only for abuse of discretion." United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). The sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors, which include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); providing "adequate deterrence," id. § 3553(a)(2)(B); "protect[ing] the public from further crimes," id. § 3553(a)(2)(C); and providing the defendant with training, medical care, or treatment, id. § 3553(a)(2)(D). Armel, 585 F.3d at 186.

The sentencing court must also ensure that the condition "involves no greater deprivation of liberty than is reasonably necessary" to afford adequate deterrence, protect the public from further crimes, and to provide the defendant with training, care or treatment. 18 U.S.C. § 3583(d)(2); United States v. Dotson, 324 F.3d 256, 260-61 (4th Cir. 2003). The conditions must also be consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(3). A particular restriction does not require an "offense-specific nexus," United States v. Perazza-Mercado, 553 F.3d 65, 70 (1st Cir. 2009), but the sentencing court must adequately explain its decision and its

6

reasons for imposing the chosen conditions, <u>Armel</u>, 585 F.3d at 186.

Guided by the above principles, our review of the record leads us to conclude that the district court abused its discretion in its imposition as a condition of supervised release Rogers's participation in a sex offender treatment program (and the related requirement of random polygraph examinations). Here, the district court simply ordered in the Judgment Order that, "The defendant shall participate in a sex offender treatment program, approved by the U.S. Probation Office," and that, "The defendant shall submit to random polygraphs conducted by any person deemed appropriate by the U.S. Probation Office as a treatment tool to be used in conjunction with his sex offender treatment program." J.A. 192.

Although the presentence investigation report indicated that Rogers's 1989 criminal sexual conduct conviction arose out of the forcible rape of an adult female, there was no evidence before the district court that such an act of violence has characterized Rogers's offense behaviors in the many years since he was released from incarceration. Nor did the government argue that such a condition was appropriate in the circumstances of this case. The district court failed even to order that Rogers first be <u>professionally evaluated</u> for the purpose of obtaining a reliable expert opinion whether participation in a treatment

7

program for sexual offenders actually comported with the needs of society or of Rogers himself. See United States v. Smith, 655 F.3d 839, 844, 847 (8th Cir. 2011) (sustaining imposition of condition requiring defendant convicted solely of failure to register to "undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the U.S. Probation Officer," while observing that passage of twelve years since defendant's underlying sex offense "might not by itself support the condition," and ultimately concluding that propriety of the condition was "a close question") (emphasis added). This failure is in keeping with the court's conclusory observation that "the sex offender treatment will be commensurate with what [is] appropriate in light of [this] defendant's record," J.A. 233, which is an inadequate basis on which to rest the condition it imposed.

Even in light of the broad discretion afforded district courts in their imposition of supervised release conditions, we fail to see how a practice such as that followed here comports with the necessity of reasonableness in the imposition of conditions of release.[*]

_____

[*] Rogers separately challenges the requirement that he submit to polygraph exams. It is apparent that the district court coupled this requirement with the requirement that Rogers
(Continued)

8

We are persuaded that the district court was on firmer ground as to its imposition of the remaining challenged conditions. The court pointed to Rogers's prior convictions (including a conviction for armed robbery) to support its conclusion that mental health treatment is appropriate. The district court relied on U.S. Sentencing Guidelines Manual § 5D1.3(D)(5), which states that "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment" then mental health treatment should be a condition of supervised release. The court noted the age of the prior convictions, but stated that "if [Rogers] made improvements in connection with those convictions, then those who are experts can address that and determine what would be appropriate for mental health treatment, in light of those conditions on the record." J.A. 236. We were advised by counsel at oral argument that Rogers's objection to mental health

_____

participate in a sex offender treatment program. We specifically addressed the use of polygraph examinations as a condition of supervised release in Dotson, and upheld the use of polygraph testing as a condition of supervised release, observing that the testing was to be used "as a potential treatment tool upon Dotson's release from prison," and not to "gather[] evidence to inculpate or exculpate Dotson." 324 F.3d at 261. Nonetheless, because we conclude that the blanket imposition of a sex offender treatment program in the circumstances here constitutes an abuse of discretion, we similarly strike the "random polygraph" requirement.

treatment is less than intense and that he has adjusted well to supervision. Given the district court's broad discretion, we decline to conclude that the court erred in this regard.

Finally, Rogers suggests that there are "less restrictive" options for drug testing that the court should have considered. Appellant's Br. 40. He does not elaborate as to what those options are, or why it was an abuse of the district court's wide latitude to decline to employ them. Therefore, we discern no abuse of discretion as to the drug testing requirement.

## III.

For the reasons set forth, we affirm the conviction and so much of the judgment as imposed as special conditions of supervised release participation in a mental health and a drug treatment program. We conclude, however, that the district court abused its discretion in its singular reliance on a decades old sexual assault conviction to order as a special condition of supervised release that Rogers participate in a sex offender treatment program (and the related requirement of random polygraphs). As to the latter, we vacate the judgment and remand for the entry of a modified judgment striking those conditions of supervised release.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

10