**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4393**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

RAYMOND MITCHELL,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:11-cr-00144-RAJ-TEM-1)

———————————

Submitted:  November 19, 2012     Decided:  November 30, 2012

———————————

Before WILKINSON, KEENAN, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, V. Kathleen Dougherty, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Mitchell appeals the criminal judgment imposing a thirty-month sentence following Mitchell's conditional guilty plea to travelling in interstate commerce and failing to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a) (2006). Mitchell argues that Congress violated the non-delegation doctrine, the Ex Post Facto Clause, and the Commerce Clause in enacting SORNA. For the reasons that follow, we reject these arguments and affirm.

We review de novo a district court's denial of a motion to dismiss an indictment based purely on legal grounds. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Properly preserved constitutional claims also are reviewed de novo. United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009).

"The non-delegation doctrine is based on the principle of preserving the separation of powers between the coordinate branches of government." United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009). Congress's delegation of authority to another branch of government does not offend the non-delegation doctrine as long as Congress has delineated an "intelligible principle" guiding the exercise of that authority. J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928). Even a general legislative directive is a

2

constitutionally sufficient "intelligible principle" so long as Congress "clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Mistretta v. United States, 488 U.S. 361, 372-73 (1989).

Mitchell contends that there is no intelligible principle guiding the Attorney General's exercise of his discretion to determine SORNA's retroactive application. Although this court has not resolved this issue in published authority, we have consistently rejected this argument in unpublished decisions. See United States v. Clark, 2012 WL 2109246 (4th Cir. June 12, 2012) (No. 11-5098), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 30, 2012) (No. 12-6067); United States v. Rogers, 468 F. App'x 359, 361-62 (4th Cir. 2012) (No. 10-5099) (argued but unpublished), cert. denied, __ S. Ct. __ (U.S. Oct. 1, 2012) (No. 11-10450); United States v. Stewart, 461 F. App'x 349, 351-52 (4th Cir.) (Nos. 11-4420/4471) (per curiam), cert. denied, 132 S. Ct. 2446 (2012); United States v. Burns, 418 F. App'x 209, 213 (4th Cir. 2011) (No. 09-4909) (argued but unpublished). Additionally, other circuits to consider the issue have concluded that this claim lacks merit. See, e.g., United States v. Guzman, 591 F.3d 83, 93 (2d Cir.), cert. denied, 130 S. Ct. 3487 (2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009); Ambert, 561 F.3d at

3

1213-14. Based on these persuasive authorities, we likewise reject Mitchell's non-delegation challenge.

Mitchell further challenges SORNA under the Ex Post Facto Clause and the Commerce Clause. However, as Mitchell concedes, these issues are foreclosed by this court's decision in <u>United States v. Gould</u>, 568 F.3d 459 (4th Cir. 2009). Because "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court," <u>United States v. Rivers</u>, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks and alteration omitted), we conclude that Mitchell's challenges must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>