**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4208**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

RONALD ATKINS,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:11-cr-00228-JAB-1)

Submitted:  October 22, 2012            Decided:  December 3, 2012

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Mireille P.
Clough, Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Anand P. Ramaswamy, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Atkins appeals his conviction and thirty-seven month sentence imposed following his conditional guilty plea to travelling in interstate commerce and failing to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a) (2006). Atkins argues that his charge was adjudicated in an improper venue and that Congress, in enacting SORNA, violated the non-delegation doctrine, the Ex Post Facto Clause, the Commerce Clause, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 553 (2006). For the reasons that follow, we reject these arguments and affirm.

Atkins first argues that the district court erred in denying his motion to dismiss the indictment or to grant a change of venue because the District of Maryland, in which he was required to register, is the proper venue for his prosecution. We review de novo a district court's denial of a motion to dismiss an indictment based purely on legal grounds. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). We also review the district court's venue determination de novo. United States v. Wilson, 262 F.3d 305, 320 (4th Cir. 2001).

Venue lies in the state and district where the offense was "committed." U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. Where an offense is "committed" is to be

2

determined with reference to the criminal act proscribed by the statute. Johnston v. United States, 351 U.S. 215, 220 (1956). If the statute does not provide explicit guidance, the location of the offense for venue purposes "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946).

A convicted sex offender's act of interstate travel both "serve[s] as a jurisdictional predicate for § 2250, [and] is also . . . the very conduct at which Congress took aim" in enacting the statute. Carr v. United States, __ U.S. __, 130 S. Ct. 2229, 2240 (2010). Atkins's offense necessarily involved more than one district because it required interstate travel between North Carolina and Maryland. In this situation, venue is governed by 18 U.S.C. § 3237(a) (2006), which provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed."

Atkins's offense commenced when he moved from North Carolina, which gave rise to his obligation to register in Maryland, and was completed when he failed to register in Maryland. 42 U.S.C. § 16913(c) (2006). Because Atkins's offense began when he moved from the Middle District of North

3

Carolina, venue was proper.  See United States v. Howell, 552 F.3d 709, 717-18 (8th Cir. 2009) (holding that venue over a § 2250 violation was proper in the district from which defendant moved, based in part on the commencement of the offense in that district); United States v. Leach, 639 F.3d 769, 771-72 (7th Cir. 2011) (same).  Accordingly, Atkins's venue challenge is without merit.

Atkins also challenges the district court's rejection of his motion to dismiss the indictment on constitutional grounds.  Properly preserved constitutional claims also are reviewed de novo.  United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009).

"The non-delegation doctrine is based on the principle of preserving the separation of powers between the coordinate branches of government."  United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009).  Congress's delegation of authority to another branch of government does not offend the non-delegation doctrine as long as Congress has delineated an "intelligible principle" guiding the exercise of that authority. J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928).  Even a general legislative directive is a constitutionally sufficient "intelligible principle" so long as Congress "clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this

4

delegated authority." Mistretta v. United States, 488 U.S. 361, 372-73 (1989).

Atkins contends that there is no intelligible principle guiding the Attorney General's exercise of his discretion. Although this court has not addressed this argument in published authority, we have rejected it in unpublished decisions. See United States v. Clark, No. 11-5098, 2012 WL 2109246 (4th Cir. June 12, 2012), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 30, 2012) (No. 12-6067); United States v. Rogers, 468 F. App'x 359, 361-62 (4th Cir. 2012) (No. 10-5099) (argued but unpublished), cert. denied, __ S. Ct. __ (U.S. Oct. 1, 2012) (No. 11-10450); United States v. Stewart, 461 F. App'x 349, 351-52 (4th Cir.) (Nos. 11-4420/4471) (per curiam), cert. denied, 132 S. Ct. 2446 (2012); United States v. Burns, 418 F. App'x 209, 213 (4th Cir. 2011) (No. 09-4909) (argued but unpublished). Additionally, circuits that have considered the issue have dismissed this claim. See, e.g., United States v. Guzman, 591 F.3d 83, 93 (2d Cir.), cert. denied, 130 S. Ct. 3487 (2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009); Ambert, 561 F.3d at 1213-14. Based on these persuasive authorities, we likewise reject Atkins's non-delegation challenge.

Atkins further challenges SORNA under the Ex Post Facto Clause, the Commerce Clause, and the APA. However, Atkins

5

concedes that these issues are foreclosed by this court's decision in United States v. Gould, 568 F.3d 459 (4th Cir. 2009). Because "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court," United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks and alteration omitted), we hold that Atkins's challenges on these grounds must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED