**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4272**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JOSHUA JAMES SAMPSELL,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, District Judge. (5:12-cr-00037-MFU-1)

———————

Submitted: September 24, 2013     Decided: October 1, 2013

———————

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Elizabeth G. Wright, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua James Sampsell appeals the criminal judgment imposing a sentence of two years' probation following Sampsell's conditional guilty plea to travelling in interstate commerce and failing to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a) (2006). Sampsell argues that Congress violated the non-delegation doctrine and the Ex Post Facto Clause in enacting SORNA. We reject these arguments and affirm.

We review de novo a district court's denial of a motion to dismiss an indictment based purely on legal grounds. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). We also review properly preserved constitutional claims de novo. United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009).

"The non-delegation doctrine is based on the principle of preserving the separation of powers between the coordinate branches of government." United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009). Congress's delegation of authority to another branch of government does not offend the non-delegation doctrine as long as Congress has delineated an "intelligible principle" guiding the exercise of that authority. J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928). Even a general legislative directive is a

2

constitutionally sufficient "intelligible principle" so long as Congress "clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Mistretta v. United States, 488 U.S. 361, 372-73 (1989) (internal quotation marks omitted). "The government does not bear an onerous burden in demonstrating the existence of an intelligible principle." S.C. Med. Ass'n v. Thompson, 327 F.3d 346, 350 (4th Cir. 2003).

On appeal, Sampsell asserts that Congress impermissibly delegated the exclusively legislative authority to determine SORNA's retroactive applicability. Although this court has not resolved this issue in published authority, we have consistently rejected similar non-delegation challenges in unpublished decisions. See United States v. Atkins, 498 F. App'x 276, 278 (4th Cir. 2012) (No. 12-4208), petition for cert. filed, __ U.S.L.W. __, (U.S. Feb. 28, 2013) (No. 12-9062); United States v. Mitchell, 498 F. App'x 258, 260 (4th Cir. 2012) (No. 12-4393), cert. denied, 133 S. Ct. 2854 (2013); United States v. Clark, 483 F. App'x 802, 804 (4th Cir. 2012) (No. 11-5098), cert. denied, 133 S. Ct. 930 (2013); United States v. Rogers, 468 F. App'x 359, 361-62 (4th Cir.) (No. 10-5099) (argued but unpublished), cert. denied, 133 S. Ct. 157 (2012); United States v. Stewart, 461 F. App'x 349, 351 (4th Cir.) (Nos. 11-4420/4471), cert. denied, 132 S. Ct. 2446 (2012); United

3

States v. Burns, 418 F. App'x 209, 211-12 (4th Cir. 2011) (No. 09-4909) (argued but unpublished). Other circuits to consider the issue have similarly concluded that Congress's delegation to the Attorney General of authority to determine SORNA's retroactivity did not violate the non-delegation doctrine. See, e.g., United States v. Goodwin, 717 F.3d 511, 516-17 (7th Cir. 2013), petition for cert. filed, __ U.S.L.W. __, (U.S. Aug. 2, 2013) (No. 13-5762); United States v. Kuehl, 706 F.3d 917, 920 (8th Cir. 2013); United States v. Guzman, 591 F.3d 83, 93 (2d Cir. 2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009); Ambert, 561 F.3d at 1213-14. Based on these persuasive authorities,[*] we likewise reject Sampsell's non-delegation challenge.

---

[*] While Sampsell intimates that the Attorney General was an improper entity to determine SORNA's retroactivity in part because the Department of Justice is a "police agency" without a scientific focus, we find this argument unpersuasive. See United States v. Parks, 698 F.3d 1, 7-8 (1st Cir. 2012) (recognizing that retroactivity question required Attorney General to determine whether SORNA's general policy goals "would be offset, in the case of pre-SORNA sexual offenders, by problems of administration, notice and the like for this discrete group of offenders—problems well suited to the Attorney General's on-the-ground assessment"). We also conclude that Justice Scalia's dissent in Reynolds v. United States, 132 S. Ct. 975 (2012), in which he questioned whether SORNA may "sail[] close to the wind" regarding proper legislative delegation, id. at 986 (Scalia J., dissenting), does not overcome the weight of persuasive authority rejecting non-delegation challenges to SORNA.

Sampsell also challenges SORNA under the Ex Post Facto Clause. This issue is foreclosed by our decision in <u>United States v. Gould</u>, 568 F.3d 459, 466 (4th Cir. 2009). Because "[a] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court," <u>United States v. Rivers</u>, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks and alteration omitted), we conclude that Sampsell's challenge must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>