NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4130
_____

UNITED STATES OF AMERICA

v.

BARRY W. HALL, JR.,

Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1:13-cr-00005-001)
District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 30, 2014
_____

Before: CHAGARES, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Opinion Filed: May 8, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Appellant Barry Hall entered a conditional plea of guilty to failing to register as a

sex offender, in violation of the Sex Offender Registration and Notification Act

("SORNA"), Pub. L. No. 109-248, 120 Stat. 587, 590–611 (2006) (codified primarily at

18 U.S.C. § 2250(a) & 42 U.S.C. § 16901–16962.). Under the terms of the plea, Hall reserved the right to appeal the District Court's denial of his motion to dismiss, which was predicated on the theory that § 16913(d) of SORNA violates the nondelegation doctrine. Because that argument is foreclosed by our recent opinion in *United States v. Cooper*, No. 13-2324, 2014 WL 1386816, at *1 (3d Cir. Apr. 10, 2014), we will affirm the District Court's denial of Hall's motion.

## I.

The facts essential to our decision can be briefly stated. In 1993, in the State of Delaware, Hall was convicted of unlawful sexual intercourse in the third degree. (PSR ¶ 9.) In 1999, again in Delaware, Hall was convicted of rape in the fourth degree. (PSR ¶ 10.) Although both convictions preceded the enactment of SORNA in 2006, later administrative rules promulgated by the Attorney General applied SORNA's requirements to individuals, such as Hall, whose qualifying sex-offense convictions predated the statute. *See* Applicability of the Sex Offender Registration and Notification Act, 75 Fed. Reg. 81853-01 (Dec. 29, 2010).

In July 2011, Hall moved to West Virginia, where he enrolled in the West Virginia sex offender registry. (PSR ¶ 13.) In October 2012, West Virginia authorities learned that Hall no longer resided at the address he had provided to them. (PSR ¶ 18.) On November 18, 2012, police arrested Hall in Delaware, where he was again residing. (PSR ¶ 23.) Hall failed to re-register as a sex offender in Delaware at any point between

2

July 2011 and the date of his arrest. (PSR ¶ 24.)

On January 22, 2013, Hall was indicted by a federal grand jury on one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). On April 3, 2013, Hall filed a motion to dismiss the indictment, which the District Court denied in an order filed April 23, 2013. On June 10, 2013, Hall entered a conditional plea of guilty to the indictment. On October 11, 2013, the District Court imposed a sentence of 33 months' imprisonment, 5 years of supervised release, and a $100 special assessment. Hall filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a challenge to the constitutionality of a statute. *United States v. Pendleton*, 636 F.3d 78, 82 (3d Cir. 2011).

## III.

Hall's sole argument on appeal is that § 16913(d) of SORNA[1] violates the non-delegation doctrine, which requires Congress to provide, at a minimum, an "intelligible principle" to guide the Attorney General in the exercise of delegated rulemaking authority. *Touby v. United States*, 500 U.S. 160, 165 (1991) (quoting *J.W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394, 409 (1928)). We held this matter C.A.V. pending

---

[1] That provision states: "The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before [July 27, 2006] . . . ." 42 U.S.C. § 16913(d).

our decision in *United States v. Cooper*, No. 13-2324, which, the parties agree, presented "the same non-delegation challenge" pressed here by Hall. Appellant's Br. at 12; *see also* Appellee's Br. at 5.

We have since decided the *Cooper* case. *See* No. 13-2324, 2014 WL 1386816, at *1 (3d Cir. Apr. 10, 2014). Like our sister circuits which have considered the issue, we rejected the non-delegation challenge to SORNA. *Id.* at *9 n.6 (citing *United States v. Goodwin*, 717 F.3d 511, 516–17 (7th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 334 (2013); *United States v. Kuehl*, 706 F.3d 917, 919–20 (8th Cir. 2013); *United States v. Parks*, 698 F.3d 1, 7–8 (1st Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2021 (2013); *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012); *United States v. Rogers*, 468 F. App'x 359, 362 (4th Cir. 2012) (not precedential); *United States v. Guzman*, 591 F.3d 83, 92–93 (2d Cir.), *cert. denied*, 130 S. Ct. 3487 (2010); *United States v. Whaley*, 577 F.3d 254, 263–64 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213–14 (11th Cir. 2009)). Accordingly, the District Court was correct in denying the motion to dismiss.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment entered on October 11, 2013.