NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3225
_____

UNITED STATES OF AMERICA

v.

GREGORY LAMONT CROSBY,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 1-12-cr-00044-001)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 14, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Opinion Filed: June 05, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Appellant Gregory Lamont Crosby ("Crosby") entered a conditional plea of guilty

to failing to register as a sex offender, in violation of the Sex Offender Registration and

Notification Act ("SORNA"), Pub. L. No. 109-248, 120 Stat. 587, 590–611 (2006)

(codified primarily at 18 U.S.C. § 2250(a) & 42 U.S.C. §§ 16901–16962).  Under the

terms of the plea, Crosby reserved the right to appeal the District Court's denial of his motion to dismiss, which was predicated on the theory that § 113(d) of SORNA, 42 U.S.C. § 16913(d), violates the nondelegation doctrine. Because that argument is foreclosed by our recent opinion in *United States v. Cooper*, No. 13-2324, 2014 WL 1386816, at *1 (3d Cir. Apr. 10, 2014), we will affirm the District Court's denial of Crosby's motion.

## I.

The facts essential to our decision can be briefly stated. In 2002, in the State of New York, Crosby was convicted of attempted rape in the first degree. (PSR ¶ 30.) Although this conviction preceded the enactment of SORNA in 2006, later administrative rules promulgated by the Attorney General applied SORNA's requirements to individuals, such as Crosby, whose qualifying sex-offense convictions predated the statute. *See* Applicability of the Sex Offender Registration and Notification Act, 75 Fed. Reg. 81849-01 (Dec. 29, 2010).

In July 2008, New York authorities learned that Crosby no longer resided at the address he had provided to them. (PSR ¶ 31.) In November 2008, police arrested Crosby in Pennsylvania, where he was then residing. (*Id.*) Crosby, who had failed to re-register as a sex offender in Pennsylvania at any point between 2002 and the date of that arrest, was indicted by a federal grand jury for failure to register as a sex offender under SORNA. He pleaded guilty to that crime in September 2009, and was sentenced to a

term of incarceration followed by a period of supervised release.  The validity of that conviction is not at issue here.

In June 2011, Crosby was released to federal supervision in New York.  In May 2012, law enforcement learned that Crosby had again moved out of New York without obtaining permission from supervision or re-registering as a sex offender.  (PSR ¶ 7–8.)  On May 25, 2012, Crosby was arrested on an outstanding warrant in Erie, Pennsylvania, where he had been living since April 2012 with various friends and relatives.  (PSR ¶ 8.)

On August 21, 2012, a federal grand jury again indicted Crosby on one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  Crosby filed a motion to dismiss the indictment, which the District Court denied in an order filed January 8, 2013.  On February 1, 2013, Crosby entered a conditional plea of guilty to the indictment.  On July 1, 2013, the District Court imposed a sentence of 21 months' imprisonment, 10 years of supervised release, and a $100 special assessment.  Crosby filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a challenge to the constitutionality of a statute.  *United States v. Pendleton*, 636 F.3d 78, 82 (3d Cir. 2011).

## III.

Crosby's sole argument on appeal is that § 113(d) of SORNA[1] violates the non-delegation doctrine, which requires Congress to provide, at a minimum, an "intelligible principle" to guide the Attorney General in the exercise of delegated rulemaking authority. *Touby v. United States*, 500 U.S. 160, 165 (1991) (quoting *J.W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394, 409 (1928)).  Like our sister circuits which have considered the issue, we have squarely rejected this argument.  *See United States v. Cooper*, No. 13-2324, 2014 WL 1386816, at *1, *9 n.6 (3d Cir. Apr. 10, 2014) (citing *United States v. Goodwin*, 717 F.3d 511, 516–17 (7th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 334 (2013); *United States v. Kuehl*, 706 F.3d 917, 919–20 (8th Cir. 2013); *United States v. Parks*, 698 F.3d 1, 7–8 (1st Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2021 (2013); *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012); *United States v. Rogers*, 468 F. App'x 359, 362 (4th Cir. 2012) (not precedential); *United States v. Guzman*, 591 F.3d 83, 92–93 (2d Cir.), *cert. denied*, 130 S. Ct. 3487 (2010); *United States v. Whaley*, 577 F.3d 254, 263–64 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213–14 (11th Cir.  2009)).

Crosby agrees that the *Cooper* case, which we had not yet decided at the time this case was briefed, presented the same non-delegation challenge he advances here.

---

[1] That provision states: "The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before [July 27, 2006] . . . ."  42 U.S.C. § 16913(d).

Appellant's Br. at 3. Because we rejected that challenge in *Cooper*, we will affirm the District Court's order denying Crosby's motion to dismiss and affirm his conviction.

IV.

For the foregoing reasons, we will affirm the District Court's judgment entered on July 1, 2013.