# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2021

Lyle W. Cayce
Clerk

No. 19-11249

United States of America,

*Plaintiff—Appellee*,

*versus*

Dakota Stewart,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:18-CR-153-1

---

Before Haynes, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:*

Dakota Stewart failed to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). Stewart argues the Government failed to prove that the Northern District of Texas was a proper venue for the criminal proceedings. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11249

I.

In 2008, Stewart exposed his genitals to a nine-year-old girl. In 2009, Stewart touched the genitals of a three-year-old girl. In 2009, Stewart pleaded guilty to indecency with a child and aggravated sexual assault of a child. A state court sentenced him to five years in prison and required him to register under SORNA. Texas officials informed Stewart of that registration requirement upon his release from prison in 2014.

In November 2014, Mansfield Police Sergeant Chauncey London attempted to contact Stewart at his registered address in Tarrant County, Texas. Sergeant London spoke with Stewart's aunt, who confirmed he lived there. London eventually spoke with Stewart by phone. Stewart said "that he was leaving and going to the coast to become a Merchant Marine because he was tired of being contacted by the police." Shortly thereafter, Stewart informed his aunt that he would leave the country and drop his SORNA registration. Stewart gave his aunt his birth certificate, his phone, and his incarceration release paperwork. Then Stewart disappeared.

In March of 2015, Stewart had a run-in with the Dallas Police Department. When asked for identification, Stewart told the police in a "comical" Russian accent that his name was "Demitri Nishye." Eventually the authorities discovered Stewart's true identity, and the State of Texas convicted him for failing to update his sex-offender registration. Stewart served just under two years in Dallas County Jail and was released in January of 2017. Upon his release, Stewart *again* failed to register as a sex offender in Dallas—or anywhere else—and a warrant issued for his arrest.

Stewart then moved to Colorado to live with his girlfriend, Kimberley Wood. He did so under the alias "Demitri Rasputin." The United States Marshals eventually located Stewart in Colorado and arrested him.

No. 19-11249

The United States charged Stewart in the Northern District of Texas for failing to keep his registration current under SORNA. *See* 18 U.S.C. § 2250. The case proceeded to a jury trial. At the end of the Government's case, Stewart moved for acquittal and argued "that the Government ha[d] not met their burden of proof as to any of the elements." The district court denied the motion.

Stewart's counsel then sought a jury instruction on venue: "Based on the evidence, now that the Government's rested, we would request a standard pattern instruction regarding venue if it is not currently in the jury instructions." Defense counsel explained that a circuit split existed "regarding where venue resides in SORNA cases." Stewart's counsel explained that some federal courts of appeals hold that venue exists only where the defendant *arrives*. Others hold that venue exists either where the defendant arrives *or departs*.

Defense counsel also argued the Government's evidence was insufficient to prove "any part of [the] crime took place in the Northern District of Texas." Counsel elaborated: "For instance, [if] there was a crossing from a different district to the District of Colorado, then nothing would have taken place in the Northern District. So to ensure that that's preserved for appeal, we are asking for the venue instruction here."

The district court accepted the following proposed instruction from Stewart's counsel:

> Venue is the location an offense took place. The [G]overnment must establish that venue is proper in the Northern District of Texas. Tarrant and Dallas Counties are in the Northern District of Texas. When an offense is begun in one district and completed in another, venue is proper in any district in which the offense was begun, continued, or completed. Venue can be based on evidence of any single act that initiated, perpetuated,

3

No. 19-11249

or completed the crime, and circumstantial evidence suffices to establish venue. The Government must prove venue by a preponderance of the evidence, that is the greater weight and degree of credible evidence in the case. The [G]overnment is not required to prove venue beyond a reasonable doubt.

The jury convicted Stewart, and the court imposed a within-Guidelines sentence of 41 months in prison. Stewart timely appealed.

## II.

The question presented is whether the Government could prosecute Stewart in the Northern District of Texas. Stewart first argues that the District of Colorado was the only appropriate venue. In the alternative, Stewart argues the Government failed to prove his interstate journey began in, or passed through, the Northern District of Texas. We agree with the Government, however, that Stewart's first argument is forfeited. And the second argument is meritless.

## A.

To determine the proper venue for a criminal trial, we look to "the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). As relevant here, the "conduct constituting" a violation of SORNA has three elements: (i) the defendant is subject to SORNA registration; (ii) he travels in interstate or foreign commerce; and (iii) he knowingly fails to register or update a registration as required by SORNA. *Carr v. United States*, 560 U.S. 438, 446–48 (2010); 18 U.S.C. § 2250(a).

SORNA does not contain a venue provision. So we instead rely on the general venue statute, 18 U.S.C. § 3237(a). *United States v. Strain*, 396 F.3d 689, 693 (5th Cir. 2005).  Under § 3237(a), where a crime is "begun in one

district and completed in another," venue is proper "in any district in which such offense was begun, continued, or completed."

Applying these rules, the circuits have split over the proper venue for SORNA offenses. Some hold that an offense begins in (and hence venue is appropriate in) the district from which the defendant begins interstate travel—the "departure district." *See United States v. Holcombe*, 883 F.3d 12, 15–16 (2d Cir. 2018); *United States v. Kopp*, 778 F.3d 986, 988–89 (11th Cir. 2015); *United States v. Lewis*, 768 F.3d 1086, 1092–94 (10th Cir. 2014); *United States v. Atkins*, 498 F. App'x 276, 277 (4th Cir. 2012) (per curiam); *United States v. Howell*, 552 F.3d 709, 717–18 (8th Cir. 2009). The Seventh Circuit, by contrast, holds that venue is appropriate only in the defendant's "place of the new residence." *United States v. Haslage*, 853 F.3d 331, 335 (7th Cir. 2017).

Our circuit has not waded into the fray. And we have no occasion to do so today. That's because we agree with the Government that Stewart forfeited any argument that venue lies only in the place of new residence.

As a general matter, venue objections are forfeited unless made prior to trial. *United States v. Dryden*, 423 F.2d 1175, 1178 (5th Cir. 1970); FED. R. CRIM. P. 12(b)(3) (listing a motion alleging "improper venue" as a motion that must be made before trial). But where "the impropriety of venue only becomes apparent at the close of the government's case, a defendant may address the error by objecting at that time." *United States v. Carreon-Palacio*, 267 F.3d 381, 392–93 (5th Cir. 2001).

Here, Stewart forfeited any legal argument that the District of Colorado was the only appropriate venue. He made no Rule 12(b) pre-trial motion objecting to improper venue. And his Rule 29 motion for acquittal raised no venue arguments, but instead made the boilerplate claim "that the Government has not met their burden of proof as to any of the elements."

No. 19-11249

Stewart therefore never objected that venue was legally improper. *See, e.g.*, *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) ("A defendant [forfeits] his right to contest venue on appeal [] when his motion for acquittal fails to put the court and the United States on notice of the challenge to venue.").

Seeking to avoid forfeiture, Stewart argues his motion for acquittal *combined* with his request for a venue instruction preserved his claim. Stewart relies on our decision in *United States v. Carbajal*, 290 F.3d 277 (5th Cir. 2002). There, we held that a boilerplate motion for judgment of acquittal was alone insufficient to preserve a venue claim. *Id.* at 288 n.19. In explaining that holding, we noted that "Carbajal failed to preserve this issue for appeal by specifically raising the issue in his motion for acquittal or by requesting a jury instruction on venue." *Id.* (citing *Carreon-Palacio*, 267 F.3d at 391–92). In Stewart's telling, because he did request a jury instruction on venue, *Carbajal* requires us to find he preserved his venue claim.

That argument misunderstands *Carbajal* and *Carreon-Palacio*, on which the *Carbajal* holding relies. In the portion of *Carreon-Palacio* cited in *Carbajal*, we simply reiterated that "when trial testimony puts venue in issue and the defendant requests the instruction," a district court's "failure to instruct on venue is reversible error." 267 F.3d at 392. But here the district court not only gave a venue instruction, it gave the venue instruction *proposed by Stewart's counsel*. Neither *Carbajal* or *Carreon-Palacio* helps Stewart.

Moreover, in seeking the instruction Stewart's counsel never argued that holding a criminal trial in the Northern District of Texas was improper as a matter of law. To the contrary, Stewart's trial counsel implied his entire venue objection would be resolved by adopting his proposed instruction. And his proposed instruction contradicts Stewart's argument on appeal that SORNA offenses "begin" only in the arrival district. For if Stewart's

6

No. 19-11249

SORNA offense began and completed in the District of Colorado, then it is hard to imagine the relevance of the following instruction: "When an *offense is begun in one district and completed in another*, venue is proper in any district in which the offense was begun, continued, or completed." The district court accepted Stewart's proposed instruction, exactly as Stewart proposed it.

Because Stewart forfeited any legal argument that venue is improper in the Northern District of Texas, we review only for plain error. *See United States v. Guzman*, 739 F.3d 241, 246 n.8 (5th Cir. 2014). Plain error is the kind of "error which was clear under current law at the time of trial." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005) (quotation omitted). And "if a defendant's theory requires the extension of precedent, any potential error could not have been 'plain.'" *Id.* (quotation omitted). It is undisputed that our Circuit has not answered the question of where venue lies for SORNA offenses. Therefore, we cannot find plain error.[**]

B.

In the alternative, Stewart argues the Government presented insufficient evidence that he traveled to Colorado from the Northern District of Texas. Not so.

---

[**] Even without forfeiture and plain-error review, Stewart's argument would likely still fail. SORNA provides: "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). To "keep [his] registration current," *id.*, the offender must: "not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." *Id.* § 16913(c). It is undisputed that Stewart failed to update his registration upon his release from the Dallas County Jail in 2017—even before he left Texas for Colorado. *Cf. Haslage*, 853 F.3d at 332 (emphasizing that the defendants in that case maintained current registrations in their home States before leaving for different States).

We must affirm Stewart's conviction if "viewing all the evidence in the light most favorable to the government, a rational jury could conclude, from the evidence presented at trial, that the government established venue by a preponderance of the evidence." *United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009). And the Government may carry its burden by relying on circumstantial evidence. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 307 (4th ed.) ("[T]here is no requirement of direct proof of venue.").

At trial, there was ample evidence suggesting Stewart traveled from the Northern District of Texas to Colorado. Stewart's aunt testified that in 2014, he lived with her for some number of months in Mansfield. Mansfield is in Tarrant County, which is part of the Northern District of Texas. When Stewart had a run-in with the police in March 2015, he told them he lived in East Dallas, also in the Northern District. Although it turned out Stewart lived at a different address than the one he provided to police, officers later confirmed that Stewart did in fact reside in Dallas. Shortly before Stewart moved to Colorado, his girlfriend told a neighbor that he would "be coming up from Texas." And we can find no evidence suggesting Stewart resided anywhere other than the Northern District of Texas before he moved to Colorado. Thus, there is more than sufficient circumstantial evidence to support venue in the Northern District of Texas by a preponderance of the evidence.

AFFIRMED.