**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5201**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KEITH EUGENE NELSON,

                    Defendant – Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  Irene C. Berger,
District Judge.  (1:09-cr-00146-1)

———————

Submitted:  October 4, 2010          Decided:  November 3, 2010

———————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, David R. Bungard, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Blaire L. Malkin, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Eugene Nelson, a convicted sex offender, was charged with one count of failing to update his registration as a sex offender under the criminal provision of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C.A. § 2250 (West Supp. 2010). Pursuant to a written plea agreement, Nelson pled guilty to the charged offense, reserving his right to appeal the district court's denial of his motion to dismiss the indictment. He was sentenced to forty-one months' imprisonment and a twenty-five-year term of supervised release. Nelson now appeals, and for the following reasons, we affirm.

Nelson first asserts that SORNA's criminal provision exceeds Congress's power under the Commerce Clause, to the extent that it limits Nelson's right to travel, and that the Attorney General violated the Administrative Procedure Act when it issued regulations making SORNA's criminal provisions retroactive. These arguments are foreclosed by this court's opinion in United States v. Gould, 568 F.3d 459, 470-75 (4th Cir. 2009), cert. denied, 130 S. Ct. 1686 (2010). See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that.").

2

Nelson also asserts that the district court abused its discretion by requiring Nelson, as a condition of his supervised release, to submit to polygraph examinations without specifying that the results of those examinations not be made public, and that his twenty-five-year supervised release term is unreasonable in light of the purposes of sentencing set forth in 18 U.S.C. § 3553(a) (2006). We reject both assertions.

This court specifically addressed the use of polygraph examinations as a condition of supervised release in United States v. Dotson, 324 F.3d 256, 261 (4th Cir. 2003). In Dotson, we upheld the use of polygraph testing as a condition of supervised release because the testing was to be used "as a potential treatment tool upon Dotson's release from prison," and not to "gather[] evidence to inculpate or exculpate Dotson." Id. While Nelson concedes that imposition of the condition is generally reasonable and not an abuse of discretion, he notes that, in Dotson, the district court had taken the added measure of directing that the results of any polygraph testing not be made public. Nelson argues that the potential for disclosure in his case, where no such specification was made, infringes on his Fifth Amendment right to be free from self-incrimination.

Here, like in Dotson, the district court made clear at sentencing that it was imposing submission to polygraph examinations to monitor Nelson's compliance with supervised

3

release treatment conditions and that such an examination would be used only for assessment purposes. To the extent Nelson suggests that potential disclosure of the testing results could infringe on his Fifth Amendment right to be free from self-incrimination, such a claim at this juncture is merely speculative. See United States v. Zinn, 321 F.3d 1084, 1092 (11th Cir. 2003) ("If and when Appellant is forced to testify over his valid claim of privilege, he may raise a Fifth Amendment challenge. In the meantime, we can only decide whether requiring polygraph testing as a condition of supervised release generally violates the Fifth Amendment so as to amount to plain error. We hold it does not.").

Nelson's claim that the district court erred in sentencing him to twenty-five years of supervised release is equally unavailing. Because the length of Nelson's supervised release term is part of his sentence, we review the twenty-five-year term for reasonableness, using an abuse-of-discretion standard of review. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Daniels, 541 F.3d 915, 921 (9th Cir. 2008), cert. denied, 129 S. Ct. 1600 (2009). When reviewing the substantive reasonableness of the district court's sentence, this court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines

4

range, the appellate court may, but is not required to, apply a presumption of reasonableness." Gall, 552 U.S. at 51.

Because Nelson's twenty-five-year supervised release term is well within the statutory maximum term of life, the supervised release term imposed by the district court is presumptively reasonable. See 18 U.S.C.A. §§ 2242, 3583(h) (West 2000 & Supp. 2010) (providing for maximum supervised release term of life after conviction for sexual abuse under § 2242); USSG § 5D1.2(b), p.s. (2009) ("If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended."). Nelson has not established that his supervised release term is unreasonable when measured against the § 3553(a) factors.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED