FILED
United States Court of Appeals
Tenth Circuit

June 7, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOSEPH WAYNE KING,

        Defendant-Appellant.

No. 10-6097
(W.D. Okla.)
(D.C. No. CR-09-219-M)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY, HOLLOWAY** and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Joseph Wayne King appeals his conviction and sentence[1] for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] As of the date of oral argument in this case, January 21, 2011, counsel for King represented that King was no longer in prison and was instead serving the remainder of his term of imprisonment in a halfway house under the supervision of the Bureau of Prisons.

By the court's calculation, King's original term of imprisonment has elapsed and he is now on supervised release. Even though King is no longer imprisoned, his appeal of his conviction is not moot. "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole- some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Spencer v. Kenma*, 523 U.S. 1, 8 (1998) (citing *Carafas, v. LaVallee*, 391 U.S. 234, 237-38 (1968)). As the Supreme Court notes, "it is an 'obvious fact of life that most criminal convictions

failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). 42 U.S.C. §§ 16901, 16911 *et seq.* & 18 U.S.C. § 2250. King timely filed his notice of appeal and we have jurisdiction under Title 28 of the United States Code, Section 1291.

**Facts**

A.    *King's Prior Offense, Supervised Release, and Registration*

In 2003, King pled guilty to one count of possessing child pornography. King served a thirty-month term of incarceration for the offense and was released from custody on November 26, 2004. King was then subject to conditions of supervised release for thirty-six months and had to undergo sex offender treatment and evaluation. King was also required to register as a sex offender under SORNA. 42 U.S.C. §§ 16901, 16911 *et seq.*

King first registered with the Oklahoma City Police Department on November 30, 2004 and was required to upkeep his registration at least once a year. King was also required to update his registration to reflect changes in his circumstances such as his employment, vehicle ownership, or place of residence. King successfully maintained his registration from 2004 until January of 2009.

As a registered sex offender, King was also subject to Oklahoma's sex offender residency restriction, prohibiting him from residing within two thousand feet of facilities whose primary purpose is working with children. OKLA. STAT. Tit. 57 § 590 (2008)

---

do in fact entail adverse collateral legal consequences.'" *Id.* at 12 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)). Thus we have jurisdiction to review King's appeal of his conviction.

("Section 590").[2]

B.      *King's Failure to Register Pursuant to SORNA*

In late January of 2009, King lost his job.  He suffered financial failure and was unable to maintain his place of residence.  From late January to February of 2009, King traveled to Utah, Alabama, and Arizona, seeking employment without success.  He returned to Oklahoma and lived in his van.  Deeply depressed, King parked at a truck stop, ran a hose from the exhaust pipe to the interior of his van, got back into his van, and left the engine running.  An employee at the truck stop found him and contacted the police.

King was then taken to two different hospitals for treatment.  After he was discharged, King secured employment and received a month of free board at a Section 590-compliant motel in Oklahoma City.  After his month of free board expired, King's employer offered to put him up at another motel in Oklahoma City, which King accepted.  This second motel did not comply with Section 590.  Following his stay at the second motel, King unsuccessfully attempted to locate compliant housing.  King was located and arrested on July 10, 2009 in Oklahoma City.

---

[2] Oklahoma's sex offender residency restriction statute provides the following:
A. It is unlawful for any person registered pursuant to the Sex Offenders Registration Act to reside, either temporarily or permanently, within a two-thousand-foot radius of any public or private school site, educational institution, a playground or park that is established, operated or supported in whole or in part by city, county, state, federal or tribal government, or licensed child care center as defined by the Department of Human Services.
. . .
OKLA. STAT. tit. 57, § 590 (2008).

C. *King's Superseding Indictment and Trial*

A superseding indictment charged King in one count of failing to register and update registration as a sex offender in Oklahoma, in violation of SORNA. King moved to dismiss the superseding indictment, asserting violation of the Supremacy Clause, United States Constitution, art. VI, cl. 2, and arguing that Section 590 conflicted with SORNA such that it was impossible to comply with both laws, and that Section 590 was an obstacle to the accomplishment and execution of Congress's full purposes and objectives when it enacted SORNA. The district court denied King's motion, finding that no conflict existed between the two laws, and that Section 590 was not an obstacle to the full purposes and objectives of Congress. R., Vol. 1 at 113-114.

King's case was then tried to a jury, where his defense essentially mirrored the arguments made in his motion to dismiss. King argued that uncontrollable circumstances prohibited him from registering because Section 590's residency restrictions made it unreasonably difficult to find a place to live and accordingly he did not timely register. The jury rejected King's defense and found him guilty.

D. *King's Pre-Sentence Investigation Report and Sentencing*

Following the jury's guilty verdict, the district court requested the preparation of King's Pre-sentence Investigation Report (PSR). In the PSR, the probation officer excerpted notes from King's sex offender treatment and evaluation following his 2003 offense. The excerpts include a statement attributed to King that he had a strong sexual preference for male children. R., Vol. 2 (PSR) ¶ 42. The PSR also noted that during King's prior sex offender treatment, several sexual history polygraphs were conducted.

*Id.* ¶¶ 44-46. During one polygraph, King admitted having sexual contact with two adolescents when he was twenty years old. *Id.* ¶ 46. During another polygraph, King disclosed having deviant sexual fantasies involving minors. *Id.* ¶ 44.

King objected to the inclusion of these paragraphs, and the district court overruled his objections. The district court then sentenced King to twelve months and one day of imprisonment, followed by five years of supervised release, and a special assessment fee of $100. The conditions of supervised release included, *inter alia*, three months of halfway house confinement and special sex offender supervision provisions.

## Analysis

A.   *Supremacy Clause Challenge*

On appeal King raises the Supremacy Clause challenge advanced before the district court, arguing that Section 590's sex offender residency restriction conflicts with and serves as an obstacle to accomplishing the purposes of SORNA. King argues that Section 590's banning of sex offenders from living within a 2,000-foot radius of places whose primary purpose is working with children prevents his living in over 80 percent of the Oklahoma City metropolitan area. Moreover, King argues that the available areas mostly surround industrial areas that do not have residential housing.

King argues that if a sex offender resides in a prohibited area and registers truthfully, he violates state law. If a sex offender resides in a prohibited area and registers untruthfully, he violates federal law. If a sex offender fails to register or fails to update his or her registration, he violates federal law. If a sex offender is transient and living in a

motel, King argues that simultaneous compliance with state and federal law becomes virtually impossible.  Thus, King maintains that Section 590 conflicts with SORNA.  King further argues that if there is no direct conflict between the two laws, at the very least, Section 590 frustrates the purposes of SORNA and therefore would be preempted.

We are persuaded that King's argument fails because he has not raised a redressable Supremacy Clause claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (To satisfy the redressability prong of Article III's standing requirements, "it must be 'likely'. . . that the injury will be 'redressed by a favorable decision.'") (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)).  As the government points out, successful Supremacy Clause challenges result in state laws yielding to federal law.  *Free v. Bland*, 369 U.S. 663, 666 (1962) (where a state law conflicts with a valid federal law, "the Framers of our Constitution provided that the federal law must prevail.") (citing U.S. Const. art. VI, cl. 2).

Thus, even assuming *arguendo* that we were persuaded by King's Supremacy Clause challenge, the remedy would be to disregard Section 590 rather than SORNA.[3] King's superseding indictment for violating SORNA's registration requirements would still be valid and his conviction would still stand.  Because a decision in King's favor based on his Supremacy Clause argument would not result in our vacating his federal

---

[3]    Because we do not reach the constitutionality of Section 590, the district court's failure to certify the question of its constitutionality to the Attorney General of Oklahoma, as required by 28 U.S.C. § 2403, constitutes harmless error.  *Wallach v. Lieberman*, 366 F.2d 254, 258 (2d Cir. 1966).

conviction, he has not raised a redressable Supremacy Clause claim and we must affirm his conviction.

B.      *Challenge to Conditions of Supervised Release*

King next challenges the district court's imposing *all* of the special sex offender conditions of supervised release.  Of all the conditions imposed, King takes issue with the special conditions requiring him to do the following: (1) submit to sex offender mental health assessment and treatment; (2) waive his confidentiality rights in his sex offender mental health treatment; (3) not associate with minors under the age of 18 or visit homes where minors reside without the prior written consent of his probation officer; (4) not possess any materials depicting sexually explicit conduct or enter into any establishment where sexually explicit materials may be viewed or obtained; and (5) refrain from possessing or using a computer with internet access (including at his place of employment) without the prior written permission of his probation officer.  Aplt's Br. 20 n.2.

While the district court has broad discretion to set the conditions of supervised release, nonmandatory conditions imposed, such as the special sex offender provisions here, must satisfy the three requirements enumerated by Congress in 18 U.S.C. § 3583(d) ("Section 3583(d)").  *See United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008) (citing *United States v. Edgin*, 92 F.3d 1044, 1048 (10th Cir. 1996)).  Section 3583(d) provides that "[t]he court may order, as a further condition of supervised release, to the extent that such condition—

(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

King argues that the above-mentioned sex offender conditions imposed run afoul of Section 3583(d)(1) and (d)(2) and requests that we vacate and remand for resentencing all of the conditions of supervised release imposed. We address each of his arguments in turn.

1. <u>Whether the District Court Abused its Discretion by Imposing all of the Special Sex Offender Conditions of Supervised Release because they are not Reasonably Related to the Statutory Sentencing Factors Enumerated in Section 3553(a)</u>

King first argues that not all of the conditions imposed are reasonably related to the statutory sentencing factors enumerated in Title 18, United States Code, Section 3553(a) ("Section 3553(a)"). Aplt's Br. 20 (citing 18 U.S.C. §§ 3553(a)(2)(B)-(a)(2)(D)). As stated above, this argument appears to stem from Section 3583(d)(1)'s requirement that nonmandatory conditions of supervised release must be "reasonably related" to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the need "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), and the need to provide the defendant with "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D).

Our circuit has clarified that "[a] condition need not be reasonably related to all the listed § 3553(a) factors, as long as it is reasonably related to one or more of the factors." *United States v. Begay*, 631 F.3d 1168, 1174 (10th Cir. 2011) (citing *Hahn*, 551 F.3d at 983-84); *United States v. Barajas*, 331 F.3d 1141, 1146 (10th Cir. 2003) ("[E]very circuit to have decided the issue has held that a condition of supervised release may be imposed despite not being related to every enumerated factor, so long as it is reasonably related to one or more of the factors. . . . We agree with these decisions.") (citations omitted).

Before the district court, King lodged a blanket objection to the special sex offender conditions of supervised release, arguing the following:

> [King's] previous term of supervision was successful. He has show [sic]
> NO propensity to re-offend sexually since completing the program. In the
> present case, he failed to register as a sex offender following a serious
> episode of depression. He did not commit any new sex offenses.

R., Vol. 2 at 20 ("Objections to paragraphs 73-82"); *see also* R., Vol. 3 at 112-115 (sentencing transcript documenting objections made by King's counsel during his sentencing hearing). Construing this statement as an objection that the conditions were not reasonably related to the Section 3553(a) sentencing factors, we will review under an abuse of discretion standard. *See United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011).

First, King's argument that the district court abused its discretion by imposing special sex offender conditions of supervised release where his offense of conviction was for failure to register rather than for any sex offense is contrary to our precedent and therefore fails. As the government persuasively argues, our circuit's precedent in *Hahn*

controls.  551 F.3d 977.  In *Hahn*, our court affirmed the district court's imposing sex offender special conditions even though the underlying offense was for the misapplication of financial institution funds.  *Id.* at 979.  Our court noted that "[o]ther circuits addressing this issue have followed the rule that special conditions may be imposed notwithstanding the conduct at which they are targeted is unrelated to the offense of conviction."  *Id.* at 984 (citing cases).  Moreover, "courts have rejected the argument that sex offender conditions are limited to cases where the underlying offense is a sex offense."  *Id.*  Thus King's argument objecting to the conditions fails.

Next, King's argument that the district court abused its discretion by imposing the special sex offender conditions of supervised release because he has shown no propensity to reoffend similarly fails.  The district court was concerned with the PSR's findings recounting King's statements which suggested that he had a prurient interest in minors.  The district court rejected King's request to have certain statements removed from the PSR because it felt that the statements "could be helpful within the prescribing environment to the extent the institution prescribes . . . certain things."  R., Vol. 3 at 114.  The district court continued, saying that it "is not inclined to remove those [statements], because I think they will be helpful in a rehabilitation environment for whoever is prescribing that for Mr. King."  *Id.*  Moreover, the district court noted that King "is having to register because of a problem."  *Id.* at 115.

These statements show that the district court imposed the special sex offender conditions of supervised release in line with Section 3583(d)(1)'s mandates.  For example, the conditions requiring sex offender treatment and evaluation were reasonably

related to King's history and characteristics under Section 3553(a)(1) and to his treatment needs under Section 3553(a)(2)(D). Similarly, the conditions prohibiting King from associating with or visiting homes with minors serves to protect the public under Section 3553(a)(2)(C). Moreover, the probation officer also requested that the district court impose the special sex offender conditions because King stopped attending his previous sex offender treatment when his term of supervised release was completed and wanted to have King "evaluated to determine if any additional treatment is necessary." R., Vol. 2 at 20-21.

Thus, the district court was within its discretion to impose the special sex offender conditions of supervised release. Because King does not advance any arguments directed to the individual conditions he challenges, we do not undertake that analysis here.

2. <u>Whether the District Court Committed Plain Error by Imposing all of the Special Conditions of Supervised Release because they Constitute a Greater Deprivation of Liberty than Reasonably Necessary</u>

King next argues that imposing all of the special sex offender conditions results in a greater deprivation of liberty than reasonably necessary to advance the need for deterrence, treatment, and protection of the public. Aplt's Br. 20 (citing *Hahn*, 551 F.3d at 983). Specifically, King argues that (i) sex offender mental health assessment and treatment programs are much more intensive than general mental health after care; (ii) requiring King to waive his rights to confidentiality impairs his ability to engage in open and meaningful discourse during the treatment process; (iii) restricting his proximity to minors interferes with his right of association; (iv) restricting his rights to sexually explicit material or activity interferes with his first amendment rights. Aplt's Br. at 21.

All of these arguments are made in a single paragraph without any citation to legal precedent or to the record. Accordingly, we decline to consider them. *United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995) ("[T]he Federal Rules of Appellate Procedure require that the appellant's brief contain an argument with '. . . the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.'") (citing Fed. R. App. P. 28(a)(6)); *United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006) (declining to consider an argument unsupported by any citation to legal authority) (citation omitted).

Moreover, were we to reach the merits of King's argument, we find that King did not raise his deprivation of liberty argument to the district court and we would thus review for plain error only. Plain error review requires the appellant to demonstrate that the district court committed (1) error, (2) that is plain, (3) that affects his substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Mike*, 632 F.3d at 691-92 (citing *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)). King has not articulated any argument to support a finding of plain error and thus his argument fails.

## Conclusion

For the foregoing reasons, we affirm King's conviction and sentence.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge