10-2566-cr
*United States v. Herbert*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June two thousand eleven.

PRESENT:    DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                        *Circuit Judges*,
            JED S. RAKOFF,
                        *District Judge*.[*]

---

UNITED STATES OF AMERICA,
        *Appellee*,

-v.-                                             No. 10-2566-cr

JEFFREY HERBERT,
        *Defendant-Appellant*.

---

TIMOTHY AUSTIN, Assistant Federal Public Defender (Molly Corbett, *on the brief*), *for* Alexander Bunin, Federal Public Defender, Northern District of New York, Albany, NY, *for Defendant-Appellant*.

RAJIT S. DOSANJH, Assistant United States Attorney (Thomas

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Spina, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, NY, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **VACATED** and the matter is **REMANDED** for resentencing in accordance with this Order.

Defendant-Appellant Jeffrey Herbert appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*), filed June 21, 2010, convicting him, pursuant to a plea agreement, of failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a), and larceny from a credit union, in violation of 18 U.S.C. § 2113(b), sentencing him to 15 months' incarceration and a life term of supervised release, and ordering him to pay restitution for the larceny. Herbert appeals from the sentence of supervised release imposed by the district court below on both procedural and substantive grounds. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In reviewing a sentence imposed by the district court, this Court "appl[ies] a 'deferential abuse-of-discretion standard.'" *United States v. Tutty*, 612 F.3d 128, 130 (2d Cir. 2010) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). Reviewing first for procedural error, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 130-31 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We then assess the substantive reasonableness of the sentence,

"set[ting] aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.' " *Cavera*, 550 F.3d at 190 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). In the absence of a contemporaneous objection either to a Pre-Sentence Report ("PSR") or at the time of sentencing, we will review a claim of procedural error in sentencing for "plain error." *See United States v. Diaz*, 176 F.3d 52, 117-18 (2d Cir. 1999).

In his principal claim of procedural error, Herbert objects to the continued reference in his PSR to U.S.S.G. § 5D1.2(b)(2), a provision of the Sentencing Guidelines that states that for "a sex offense," the length of a term of supervised release "shall be not less than the minimum term of years specified for the offense under [other subsections of § 5D1.2] and may be up to life." *Id.* § 5D1.2(b). This subsection of the Guidelines includes as well a policy statement stating that "[i]f the instant offense of conviction is a sex offense, . . . the statutory maximum term of supervised release is recommended." *Id.* § 5D1.2(b)(2) (policy statement). Because Herbert's failure to update his sex offender registration did not meet the Guidelines definition of a "sex offense," the government concedes that the continued reference in his PSR to § 5D1.2(b)(2) was an error and that the Guidelines range for the supervised release component of Herbert's sentence was in fact governed by U.S.S.G. § 5D1.2(c), which provides that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release."

Under the circumstances present in this case, we conclude that this error rendered the supervised release component of Herbert's sentence procedurally unreasonable and that this error is sufficiently "clear or obvious . . . at the time of appellate review," *United States v. Villafuerte*,

3

502 F.3d 204, 209 (2d Cir. 2007), to warrant correction even on plain error review. While the error in the PSR appears to have been inadvertent, the district court judge in this proceeding never set out on the record its calculation of the applicable Guidelines range for supervised release for Herbert and, while he adopted the PSR at sentencing, that report relied on the erroneous Guidelines provision in setting out its conclusions as to the applicable range. Given the importance of a district court's correct calculation of the applicable Guidelines range, *see Gall*, 552 U.S. at 49, we believe this error warrants remanding to the district court for resentencing on this component of Herbert's sentence. As the defendant points out, it is impossible to determine on this record whether the district court, in sentencing Herbert to a life term of supervised release, did so under the impression that his offense was one for which a Guidelines policy statement recommended the statutory maximum. Moreover, while the parties do not appear to disagree regarding the applicable Guidelines range for supervised release for Herbert and the issue was not raised below, there seems to be at least some disagreement among our sister circuits as to the appropriate Guidelines range in circumstances such as those here. *Compare United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009) (concluding that the Guidelines range for supervised release under § 5D1.2(c) is limited to the mandatory minimum), *with United States v. Deans*, 590 F.3d 907, 911 (8th Cir. 2010) (holding that the Guidelines range in this situation extends from the mandatory minimum to a life term), *and United States v. Poe*, 556 F.3d 1113, 1129 (10th Cir. 2009) (concluding that calculation of a Guidelines range extending to life in this context was not plain error). We do not offer any opinion regarding this issue here, but note that remanding for resentencing under the correct Guidelines provision will permit the district court to address this issue in the first instance, to the extent that the

4

further proceedings below warrant doing so.

In light of our conclusion that the district court committed procedural error, we need not address Herbert's arguments that the sentence he received was substantively unreasonable. *See Cavera*, 550 F.3d at 190. The district judge of course retains his authority at resentencing "to select *any* appropriate sentence, consistent with 18 U.S.C. § 3553(a), whether or not pursuant to the Guidelines." *United States v. Folkes*, 622 F.3d 152, 158 (2d Cir. 2010) (per curiam) (emphasis added) (internal quotation marks omitted).

For the foregoing reasons, the sentence imposed by the district court, insofar as it provides for a life term of supervised release, is hereby **VACATED** and the matter is **REMANDED** for resentencing in accordance with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk