# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2013

No. 12-60609

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANK C. KROFT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
1:11-CR-99-1

Before HIGGINBOTHAM, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Frank C. Kroft pleaded guilty to failing to register as a sex offender[1] under the Sex Offender Registration and Notification Act (SORNA). *See* 18 U.S.C. § 2250(a). Kroft was sentenced to eighteen months imprisonment and seven years of supervised release. The district court also ordered five special conditions of supervision. On appeal, Kroft asserts that the district court erred in ordering three of the special conditions, as follows:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Kroft had a 1998 conviction from Indiana for child molestation.

No. 12-60609

3. The defendant shall participate in a program of mental health treatment, and/or a specifically designed program to address sex offender treatment which may include polygraph examinations, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

4. The defendant shall have no direct or indirect contact with any children under the age of 18, unless accompanied and supervised by an adult, who has been approved in advance by the probation officer. The defendant shall immediately report any unauthorized contact with children to the probation officer.

5. The defendant shall not go to places were (sic) minors are known to frequent, including but not limited to, any recreational, leisure, sporting, or other activity where children are present and/or where supervision is deemed inadequate, without the prior approval of the probation officer. The defendant shall not affiliate with, own, control, volunteer and/or be employed by an organization in an activity which would place him in direct contact with children under the age of 18.

Kroft did not object to the conditions, so we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Kroft must show an error that is clear or obvious and that affects his substantial rights. *Id.* If Kroft makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id. See also United States v. Weatherton*, 567 F.3d. 149, 152 (5th Cir. 2009).

Kroft asserts that the district court procedurally erred by imposing these conditions. First, he argues that the court imposed these conditions because it wrongly believed that failure to register is a sex offense. Even if true, treating failure to register as a sex offense is not plain error. *See* U.S.S.G. § 5D1.2 cmt. 1 (expressly "not including" certain offenses other than failure to register); *compare United States v. Zelders*, 440 F. App'x 699, 701 (11th Cir. 2011), with *United States v. Allen*, 2013 WL 1197756 (2d Cir. Mar. 26, 2013). Second, he argues that because the Guidelines do not recommend conditions 4 and 5 (even

No. 12-60609

for sex offenses), the district court erred by imposing them. This argument lacks force; a district court may impose conditions of release not suggested by the Guidelines. *See Weatherton*, 567 F.3d at 152–53. Thus, Kroft has failed to establish plain, procedural error.

However, pursuant to *United States v. Windless*, --- F.3d ----, 2013 WL 2627768 (5th Cir. 2013),[2] the district court plainly erred in imposing the substantively unreasonable "no direct or indirect contact" condition four.[3] Accordingly, we REVERSE imposition of the "no direct or indirect contact" condition (as currently phrased) and REMAND for resentencing.

---

[2] *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012).

[3] Kroft has not established that conditions three and five are plainly substantively unreasonable.