# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2013

Lyle W. Cayce
Clerk

No. 12-60894
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TONY LASHAWN NELSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-15-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to failing to register as a sex offender under the Sex Offender Registration and Notification Act, Tony Lashawn Nelson was sentenced to 18 months imprisonment (he was released in June 2013), to be followed by ten years supervised release. In addition to the standard conditions of supervision, the court imposed special conditions; the following special conditions are challenged on appeal: (1) participate in a program of mental-health treatment specifically designed to treat sex offenders; (2) have no direct, or indirect, contact

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with any non-biological children under the age of 18 unless supervised by an adult, pre-approved by the probation officer; (3) have no affiliation or employment with any organization involved in activity that would place him in direct contact with minors; and (4) avoid places minors are known to frequent, without prior approval of the probation officer.

Challenging both the procedural and substantive reasonableness of these listed special conditions, Nelson first contends the court committed procedural error on three grounds:  the instant, failure-to-register crime is not a "sex offense" as defined in Guideline § 5D1.2, comment. (n.1) (defining "sex offense"); the prohibition of direct, or indirect, contact with minors without prior approval is outside the scope of Guideline § 5D1.3(d)(7) (recommended special conditions for sex offenses); and the court, despite being required to do so, failed to state reasons for the conditions.

Properly preserved objections to the imposition of conditions of supervised release are reviewed for abuse of discretion. *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001).  Nelson, however, did not object to the imposition of special conditions on the procedural grounds now asserted.  Thus, his procedural-reasonableness challenge is reviewed only for plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).  Under the plain-error standard, Nelson must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Assuming *arguendo* the court believed failure to register as a sex offender qualified as a sex offense under the Guidelines, we conclude it did not commit plain error. *See* U.S.S.G. § 5D1.2, comment. (n.1) (defining certain offenses as "sex offenses" *but not* excluding failure-to-register); *see also United States v. Kroft*, No. 12-60609, 2013 WL 3492347 (5th Cir. 12 July 2013) (per curiam)

(unpublished) (reaching same conclusion).  Nelson further contends the court was prohibited from imposing conditions of supervised release not recommended in the Guidelines.  A district court, however, may impose conditions of release outside those recommended by the advisory Guidelines.  *See United States v. Weatherton*, 567 F.3d 149, 152-53 (5th Cir. 2009).

Although Nelson asserts the district court did not provide reasons for the challenged conditions, the record reflects the court's consideration of the 18 U.S.C. § 3553(a) factors and the advisory Guidelines range.  Additionally, the court expressed concerns over Nelson's history of failing to register as a sex offender and noted prior arrests on that basis.  Thus, the court provided adequate reasons and did not err in this regard.  *See Rita v. United States*, 551 U.S. 338, 356-58 (2007).

Because Nelson objected to the substantive reasonableness of the conditions regarding direct or indirect contact and mental-health treatment, his challenge to those conditions is reviewed for abuse of discretion.  *See Paul*, 274 F.3d at 165.  His remaining substantive challenges are reviewed only for plain error.  *See Medina-Anicacio*, 325 F.3d at 643.

The condition imposed by the court prohibiting all "direct or indirect contact with any non-biological children" is substantively unreasonable.  *See United States v. Windless*, 719 F.3d 415, 421-22 (5th Cir. 2013) ("to forbid all 'indirect' contact works a serious restriction on liberty"); *see also Kroft*, 2013 WL 3492347, at *2 (vacating a similar condition).  On remand for resentencing, this condition is not to be imposed.

The court relied upon more than Nelson's bare arrest record in imposing the remaining conditions.  *See Windless*, 719 F.3d at 421 (vacating treatment condition based solely on arrest record).  Therefore, it did not abuse its discretion in imposing the condition for mental-health treatment.  Nelson does not show the remaining conditions (restricting employment around children and restricting going to places frequented by them) are not reasonably related to the

relevant factors, involve an unnecessary deprivation of liberty, or are inconsistent with the policy statements of the Guidelines. *See Weatherton*, 567 F.3d at 153.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED FOR RESENTENCING.