# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60659

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRYL WAYNE BYRD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CR-58-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Darryl Wayne Byrd pleaded guilty to failure to register as a sex offender, in violation of the Sex Offender Registration and Notification Act. The district court sentenced Byrd to 21 months in prison to be followed by five years of supervised release. In addition to the standard conditions of supervision, the district court imposed special conditions of supervision, and Byrd now appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the imposition of those special conditions applicable to sex offenders. Specifically, Byrd challenges the conditions requiring that he (1) participate in a specially designed sex offender treatment program, which may include the administration of polygraph examinations; (2) consent to the administration of yearly polygraph examinations; (3) have no unauthorized or unsupervised direct or indirect contact with any children under the age of 18; (4) have no affiliation or employment with any organization involved in an activity that would place him in direct contact with minors; (5) not engage in a relationship with an individual who has children under the age of 18, unless he receives approval from his probation officer; and (6) not go to places known to be frequented by minors, including but not limited to any recreational, leisure, sporting or other activity where children are present and/or supervision is deemed inadequate without prior approval of the probation officer.

Byrd argues that the district court committed procedural error in imposing these special conditions of supervised release because under the plain language of U.S.S.G. § 5D1.3(d)(7), which lists the recommended special conditions of supervised release applicable to sex offenders, his failure to register as a sex offender did not meet the definition of a "sex offense" as defined in § 5D1.2, comment. (n.1). He further contends (1) that the special conditions are not expressly listed in § 5D1.3(d)(7) and are, thus, outside the scope of the Guidelines, and (2) that the district court did not articulate reasons for imposing the special conditions of supervision. In addition, Byrd challenges the substantive reasonableness of the special conditions, asserting that the conditions were not reasonably related to the 18 U.S.C. § 3553(a) sentencing factors; that the imposition of the conditions imposed a greater deprivation of liberty than justified; and that the special conditions are not consistent with the Sentencing Commission's policy statements.

No. 12-60659

Because Byrd did not object to the procedural reasonableness of the special conditions of supervision in the district court, we review for plain error only. *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010). Contrary to Byrd's assertion, the record reflects that the district court noted that it had considered the § 3553(a) factors, as well as the advisory guidelines range, and had expressed concerns over Byrd's criminal history, including his failure to register as a sex offender. Therefore, the district court provided adequate reasons for the imposition of the sentence and did not plainly err in this regard. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

Even if we assume that the district court believed that failure to register as a sex offender qualified as a sex offense under the Guidelines, we conclude that the district court's decision is not plain error. *See* § 5D1.2, comment. (n.1). Byrd's argument that the district court was prohibited from imposing certain special conditions of supervised release because they are not specifically set forth in the Guidelines fails. *See United States v. Weatherton,* 567 F.3d 149, 153 (5th Cir. 2009).

In the district court, Byrd specifically challenged the special condition prohibiting him from all direct or indirect contact with children. Accordingly, we review his challenge to the substantive reasonableness of that condition for abuse of discretion. *See United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). We review his challenge to the substantive reasonableness of the remaining special conditions for plain error only. *See Juarez*, 626 F.3d at 253-54.

The condition, as currently phrased, prohibiting all direct or indirect contact with children is substantively unreasonable and is therefore vacated. *See United States v. Windless*, 719 F.3d 415, 421-22 (5th Cir. 2013). The case

is therefore remanded for the district court to consider whether to impose a condition that would satisfy *Windless*. *See id.*

The special conditions requiring sex offender treatment, requiring consent to the administration of polygraph examinations, restricting employment around children, restricting travel to places frequented by children, and prohibiting Byrd from entering into a relationship with anyone with minor children without approval from the probation officer are reasonably related to relevant factors, involve no greater deprivation of liberty than necessary, and are consistent with the policy statements of the Guidelines. *See Weatherton,* 567 F.3d at 153.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.