# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60537

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JAMES TRACY CUNEO,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-168-1

Before SMITH, DeMOSS, and HIGGINSON, Circuit Judges.

PER CURIAM: [*]

Defendant-Appellant James Tracy Cuneo pleaded guilty to failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). The district court sentenced Cuneo to twenty-four months of imprisonment and five years of supervised release. As a special condition of supervised release, the court required that Cuneo participate in a program of mental health and/or sexual offender

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment that could include polygraph examinations. Cuneo appeals the district court's imposition of this special condition of supervised release. We AFFIRM the district court's sentence.

## FACTUAL BACKGROUND

On September 11, 1989, Cuneo was convicted of attempted sexual assault in Cook County, Illinois. By virtue of this conviction, Cuneo was required to register as a sex offender but failed to do so upon moving to Mississippi, despite multiple notices and warnings. Pursuant to an oral plea agreement, Cuneo pleaded guilty to one count of failing to register as a sex offender in violation of the SORNA.

In the presentence report (PSR), the probation officer determined that Cuneo's total offense level was thirteen, his criminal history category was III, and his Guideline sentencing range was eighteen to twenty-four months of imprisonment and five years to life of supervised release. The district court sentenced Cuneo to twenty-four months of imprisonment and five years of supervised release. As a special condition of supervised release, the district court ordered that Cuneo participate in (1) "a program of testing and treatment for substance abuse" and (2) "a program of mental health treatment and/or a specifically designed program to address sex offender treatment which may include polygraph examinations, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer." Cuneo objected to the imposition of sex offender treatment as a greater than necessary deprivation of liberty because he had not been charged with, or convicted of, a sex offense since 1989. Cuneo further noted that the expense of sex offender treatment could make it difficult for him to move to another jurisdiction while on supervised release. The district court overruled the objection.

No. 12-60537

Cuneo timely appealed. He challenges the district court's imposition of sex offender treatment as both procedurally incorrect and substantively unreasonable.

## STANDARD OF REVIEW

We review the procedurally sound imposition of conditions of supervised release for abuse of discretion. *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). However, when a defendant either fails to object at sentencing or raises on appeal arguments different from those presented to the district court, the court reviews the new arguments for plain error only. *United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010). In order to preserve error, a defendant must make an objection that is "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) (internal citation omitted).[1]

## DISCUSSION

**A.     Procedural Reasonableness**

Cuneo maintains that the district court committed procedural error by ordering the conditions of supervised release recommended for sex offenses under § 5D1.3(d)(7) because failure to register as a sex offender is not a "sex offense" as defined in U.S.S.G. § 5D1.2, cmt. n.1. Cuneo further contends that, even if we determine that failure to register is a "sex offense" under the Guidelines, the district court erred in ordering polygraph examinations as this condition is not expressly listed among the conditions prescribed by the Guidelines at § 5D1.3(d)(7) as applicable to sex offenses.

---

[1] While neither Cuneo nor the government argues that plain error review applies to Cuneo's challenge to the procedural reasonableness of the special condition, we may make this determination *sua sponte* because "no party has the power to control our standard of review." *See United States v. Duhon*, 541 F.3d 391, 396 n.2 (5th Cir. 2008) (quoting *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992)).

No. 12-60537

Although Cuneo objected to the condition at sentencing, his objection was limited to challenging the condition as a greater than necessary deprivation of liberty based on (1) the age of his prior sex offense and (2) the difficulty of transferring to a different jurisdiction during his supervised release given the cost of such treatment. He did not challenge the special condition on the grounds that the instant crime was not a sex offense or that the special condition was more extensive than the conditions recommended by the Guidelines for sex offenses. We therefore review Cuneo's challenge to the procedural reasonableness of the special condition for plain error. *See Juarez*, 626 F.3d at 253-54. To establish plain error, Cuneo must show an error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Cuneo makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*; *see also United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

Our court recently, in three unpublished decisions, rejected similar challenges to the procedural reasonableness of requiring mental health and/or sex offender treatment for defendants convicted of failing to register. *See United States v. Kroft*, 535 F. App'x 422, 422 (5th Cir. 2013); *United States v. Nelson*, No. 12-60894, 2013 WL 5881246, at *1 (5th Cir. Nov. 4, 2013); *United States v. Byrd*, No. 12-60659, 2013 WL 6510891, at *1 (5th Cir. Dec. 13, 2013). None of these cases resolved the question of whether failure to register is a "sex offense," but instead determined that regardless, "treating failure to register as a sex offense is not plain error." *See id.* The text of § 5D1.2 cmt. n.1 is not determinative of whether the district court's categorization of failure to

4

register as a sex offense was plain error.[2] This note defines a "sex offense" as a crime under, *inter alia*, chapter 109B,[3] and "[t]he only offense listed in chapter 109B is failure to register, 18 U.S.C. § 2250." *United States v. Goodwin*, 717 F.3d 511, 518 (7th Cir. 2013) (interpreting § 5D1.2 cmt. n.1).[4] In light of our rulings in *Kroft*, *Nelson*, and *Byrd* and the circuit split, and for the above reasons, we find that Cuneo has failed to establish plain, procedural error.

As elaborated on below (but relevant to our analysis of harmlessness and any miscarriage of justice), even assuming arguendo that the district court

---

[2] U.S.S.G. § 5D1.2, cmt. n.1 provides in full that a "'sex offense' means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 109B of such title; (iii) chapter 110 of such title, not including a recordkeeping offense; (iv) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; (v) an offense under 18 U.S.C. 1201; or (vi) an offense under 18 U.S.C. 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (vi) of this note."

[3] This court in *Kroft* also noted that § 5D1.2, cmt. n.1 expressly excludes certain offenses as "sex offenses" but does not explicitly exclude failure to register as a sex offender. *Kroft*, 2013 WL 3492347, at *1.

[4] We recognize that our sister circuits are in disagreement as to whether failure to register as a sex offender constitutes a "sex offense" for purposes of § 5D1.2. The Fourth and Eleventh Circuits have both applied this Guideline to failures to register. *See United States v. Nelson*, 400 F. App'x 781, 783 (4th Cir. 2010) (unpublished); *United States v. Zeiders*, 440 F. App'x 699, 701 (11th Cir. 2011) (unpublished). By contrast, the Second and Seventh Circuits have found that failure to register is not a sex offense under § 5D1.2. *See United States v. Hebert*, 428 F. 37, 39 (2d Cir. 2011) (unpublished); *United States v. Allen*, 519 F. App'x 727, 730 (2d Cir. 2013) (unpublished); *United States v. Goodwin*, 731 F.3d 511, 520 (7th Cir. 2013). The Second and Seventh Circuits assert that § 5D1.2, cmt. n.1 "defines a 'sex offense' as encompassing only offenses 'perpetrated against a minor,'" and violation of registration requirements "plainly does not count as an offense 'perpetrated against a minor.'" *Allen*, 519 Fed. App'x at 727. Recognizing that § 5D1.2, cmt. n.1 explicitly defines failure to register as a sex offense, the Seventh Circuit considered reading "perpetrated against a minor" out of the Note, but was concerned that it would greatly expand the application of § 5D1.2 as to other listed offenses. *Goodwin*, 717 F.3d at 519. The Seventh Circuit instead deemed the Note's definition of "sex offense" plainly erroneous as applied to the failure to register. *Id.* at 519-20. In the context of Cuneo's circumstances elaborated on below, especially with no contemporaneous objection hence on plain error review, we do not reach the question dividing courts of appeal of whether failure to register as a sex offender constitutes a "sex offense" for purposes of § 5D1.2. *See Weatherton,* 567 F.3d at 152-53.

erred in classifying failure to register as a "sex offense," and hence the special conditions recommended at § 5D1.3(d)(7) for sex offenses did not apply, a district court may impose conditions of release not recommended by the Guidelines without committing procedural error. *Weatherton*, 567 F.3d at 152-53. Cuneo's circumstances justified imposition of the special condition objected to, particularly because the condition expires after 5 years. *Cf. Goodwin*, 717 F.3d at 513 (considering a life term of supervised release and attendant conditions). By that same logic, the district court was within its rights to order polygraph examinations even if the condition was not expressly listed by the Guidelines at § 5D1.3(d)(7) as applicable to sex offenses.[5] *See Nelson*, 2013 WL 5881246, at *2; *Kroft*, 535 F. App'x at 423; *Byrd*, 2013 WL 6510891, at *1 (all upholding special conditions of supervised releases not specifically set forth in the Guidelines as recommended for sex offenses).

**B.    Substantive Reasonableness**

Cuneo further asserts that the requirement of sex offender treatment was substantively unreasonable because the condition did not reasonably relate to the characteristics of his offense or criminal history. He maintains that the condition was a greater restriction on his liberty than necessary given the nature of the instant crime and the age of his prior sex offense conviction. While the district court ordered "mental health treatment and/or a specifically designed program to address sex offender treatment which may include polygraph examinations, as directed by the probation officer," Cuneo does not object to mental health treatment. He objects only to the possible alternative

---

[5] U.S.S.G. § 5D1.3(d)(7) provides that "[i]f the instant offense of conviction is a sex offense, as defined in Application Note 1 of the Commentary to § 5D1.2 (Term of Supervised Release)--(A) A condition requiring the defendant to participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders" is appropriate. It does not mention whether sex offender treatment could include polygraphs.

of sex-offender treatment, which may include polygraphs, should his probation officer deem it necessary.

A district court may impose any condition of supervised release that it deems appropriate, so long as the condition meets three requirements. *Weatherton*, 567 F.3d at 153. First, "the condition must be reasonably related to one of four factors [set forth in 18 U.S.C. § 3553(a)]: (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment." *Id.* (citing 18 U.S.C. § 3583(d)(1)). A particular restriction need not be related to the instant crime but could instead be deemed reasonable based on prior criminal behavior. *Id.* at 153-54. Second, the "condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Id.* at 153 (quoting 18 U.S.C. § 3583(d)(2)). Lastly, "the condition must be consistent with the policy statements issued by the Sentencing Commission." *Id.* (quoting 18 U.S.C. § 3583(d)(3)).

In the district court, Cuneo specifically challenged the alternative of sex offender treatment as substantively unreasonable, and as a greater than necessary deprivation of liberty, given that he was last convicted of a sex offense in 1989. Accordingly, we review his challenge to the substantive reasonableness of that condition for abuse of discretion. *See Rodriguez*, 558 F.3d at 412.

This court previously upheld the substantive reasonableness of requiring mental health and/or sex offender treatment when applied to similarly situated defendants in *Kroft, Nelson,* and *Byrd. See Nelson*, 2013 WL 5881246, at *2; *Kroft*, 535 F. App'x at 423; *Byrd*, 2013 WL 6510891, at *2. Applying our three-

part review for conditions of supervised release, we likewise find that, under the circumstances of Cuneo's offense and history, the condition imposed was substantively reasonable, and the district court did not abuse its discretion.

While his last sexual assault conviction was twenty-three years ago, Cuneo has a long record of violent offenses. Following his 1989 sexual assault offense, Cuneo was subsequently convicted of unlawful use of a weapon, domestic battery, theft, possession of marijuana, and felon in possession of a firearm—the last of which occurred in 2009 after he made repeated death threats against federal judges, agents, and police offers. *See United States v. Morales-Cruz*, 712 F.3d 71, 73 (1st Cir. 2013) (upholding identical condition where defendant convicted of failing to register had recently been convicted of battery of an adult female). Moreover, Cuneo's refusal to register, despite multiple warnings from Mississippi officials, culminating in his guilty plea to the crime, evidences a refusal to abide by the restrictions placed on sex offenders thereby undermining efforts to combat sex-offender recidivism. *See United States v. Smith*, 655 F.3d 839 (8th Cir. 2011), *judgment vacated on other grounds*, 132 S. Ct. 2712 (2012), *reinstated on remand*, 504 F. App'x 519 (8th Cir. 2012) (upholding identical condition imposed on defendant for failure to register, based on his triggering 1998 statutory rape conviction and 2007 conviction for failure to register). Cuneo's extensive criminal history (including two convictions for violence against his ex-wife) and his repeated refusal to register permit a rational inference that Cuneo presents a recidivism risk and warrants rehabilitative conditions, such as mental health and/or sex offender treatment. *See, e.g. Morales-Cruz*, 712 F.3d at 75 ("Given [his] manifest lack of respect for the SORNA registration requirements, and the reasonable inference that his refusal to comply with these requirements poses a risk of recidivism, the district court's imposition of sex-offender treatment was reasonably related to [his] present offense as well as to his criminal history,

which included a recent assault on an adult female."); *United States v. King*, 431 F. App'x 630, 635 (10th Cir. 2011) (unpublished) (holding that imposing sex offender treatment on a defendant, whose sole conviction was in 2003 for possession of child pornography, was appropriate given his history of deviant sexual fantasies involving children and his treatment needs).  Accordingly, the special condition imposed was reasonably related to the history and characteristics of the defendant, his rehabilitation, and the protection of the public as required under U.S.C. § 3553(a) and 18 U.S.C. § 3583(d)(1).

Cuneo acknowledges a long history of mental health issues, including bi-polar disorder, anti-social personality disorder, agoraphobia disorder, paranoid beliefs, anxiety disorder, and marijuana and alcohol dependence.  We also note that this special condition has a finite duration of five years, and, during that time, Cuneo could move to modify the condition.  *See* 18 U.S.C. § 3583(e)(1); FED. R. CRIM. P. 32.1(c).

As the cases relied upon are persuasive but not controlling, *Sauseda*, 596 F.3d at 282, Cuneo urges us to instead rely on the Fourth and Seventh Circuit's decisions in *United States v. Rogers*, 468 Fed. App'x 359, 361 (4th Cir. 2012) (unpublished), and *United States v. Goodwin*, 717 F.3d 511, 520 (7th Cir. 2013).[6]  Both are distinguishable.  In *Rogers,* the Fourth Circuit relied on its

---

[6] Cuneo also cites three cases—*Dougan, Carter*, and *T.M.*—involving convictions for non-sex crimes (though not failure to register) and several-years-old convictions for sex crimes.  In each case, the circuit court found that the district court erred by ordering special conditions of supervised applicable to sex offenders.  *See United States v. Dougan*, 684 F.3d 1030, 1037 (10th Cir. 2012); *United States v. Carter*, 463 F.3d 526, 527 (6th Cir. 2006); *United States v. T.M.*, 330 F.3d 1235, 1237 (9th Cir. 2003).  These cases are less persuasive as the crimes in question were not failures to register but robbery of a post office, possession of a firearm, and conspiracy to possess and distribute marijuana, respectively.  *See Dougan*, 684 F.3d at 1031; *Carter*, 463 F.3d at 527; *T.M.*, 330 F.3d at 1237.  In all three cases, the district court ordered that the defendant undergo sexual offender treatment, rather than allowing mental health and/or sex offender treatment.  *See Dougan*, 684 F.3d at 1032; *Carter*, 463 F.3d at 528; *T.M.*, 330 F.3d at 1239.  Furthermore, as the government notes, an equal number of cases could be cited from this circuit and others in which similar special conditions were

No. 12-60537

finding that "there was no evidence before the district court that such an act of violence had characterized Rogers's offense behaviors in the many years since he was released from incarceration" in holding the special condition imposed was substantively unreasonable. *Rogers*, 468 Fed. App'x at 363. Moreover, the district court in *Rogers* ordered: "The defendant shall participate in sex offender treatment . . . and shall submit to random polygraphs." *Id.* at 363. In the instant case, the district court ordered mental health "and/or" sex offender treatment, which could include polygraphs, at the discretion of the probation officer. This distinction was significant to the Fourth Circuit, which noted that the "district court failed even to order that Rogers first be professionally evaluated" to determine if "participation in a treatment program for sexual offenders actually comported with the needs of society or of Rogers himself." *Rogers,* 468 Fed. App'x at 363. Notably, Cuneo has not objected to, or challenged as error, this discretionary attribute of his special condition.

In *Goodwin*, the Seventh Circuit vacated the sex offender treatment and mental health counseling conditions because "the district court imposed these conditions without explanation" and extended them into lifetime restrictions. *Goodwin*, 731 F.3d at 525. The court then remanded the case to the district court to reconsider the appropriateness of these lifetime conditions given Goodwin's offense and criminal history. *Id.* at 526. Here, the district court specifically noted that, while Cuneo has not been convicted of any other

---

upheld for non-sex offenses. *See, e.g., United States v. Ybarra*, 289 F. App'x 726, 731-32 (5th Cir. 2008) (unpublished) (upholding special condition of sex offender treatment based on past behavior of a defendant convicted of possession of marijuana with intent to distribute, even though defendant had never been convicted of sex offense); *United States v. Moran*, 573 F.3d 1132, 1134-36 (11th Cir. 2009) (upholding imposition of sex offender treatment for a defendant convicted of felon in possession of firearm based on the defendant's criminal history). This variability is understandable because appropriate release conditions for defendants with violent and sex offender criminal histories, coupled with longstanding mental health issues, are highly individualized judgments made firsthand by sentencing judges.

sexually-related offenses since his 1989 conviction, he does have several other convictions—including unlawful use of a weapon, domestic battery, and violation of a protective order—sufficient to justify the imposition of these conditions.

## CONCLUSION

For the above reasons, we AFFIRM the district court's sentence.